IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

|  |  |
|---|---|
| DAVID G. FEINBERG et al., and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>T. ROWE PRICE GROUP, INC. et al.,<br><br>Defendants. | Civil Action No. 1:17-cv-00427-JKB |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

*So Ordered*
*JKB*
*2/15/19*

Plaintiffs David G. Feinberg, Regina Widderich, Jitesh Jani, Sital Jani, James Collins, Farrah Qureshi, Daniel Newman, Maria Stanton, Daniel Fialkoff, Michelle Bourque, and Thomas Henry (collectively, "Plaintiffs") and Defendants T. Rowe Price Group, Inc., T. Rowe Price Associates, Inc., T. Rowe Price Trust Company, T. Rowe Price Group, Inc. Management Committee, T. Rowe Price Group, Inc. Management Compensation Committee, Christopher D. Alderson, Edward C. Bernard, Michael C. Gitlin, James A.C. Kennedy, John D. Linehan, Brian C. Rogers, William J. Stromberg, Eric L. Veiel, and Edward A. Wiese (collectively, "Defendants" and together with Plaintiffs, the "Named Parties"), having agreed to the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c), and having agreed to the terms herein, accordingly, it is ORDERED:

1. Definitions.

    a. As used in this Order, the term "Action" shall mean the above-captioned litigation.

b.  As used in this Order, the word "Party," including its use in any term other than Named Party, such as "producing Party," "designating Party," "receiving Party," and "challenging Party," refers to the Named Parties, any entity affiliated with a Named Party, and third parties who may produce discoverable material in this litigation.

c.  As used in this Order, the term "document" is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, and shall include all written, oral, recorded, or graphic material, however produced or reproduced including, but not limited to: all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise; electronically stored information, software, and other computer data including, but not limited to, information stored in a computer at any time; all graphic or manual records or representations of any kind including, but not limited to, photographs, microfiche, microfilm, videotape, records, and motion pictures; electronic, mechanical, or electric records or representations of any kind including, but not limited to, cassettes, discs, magnetic cards and recordings, optical and other media; and all drafts, alterations, modifications, changes, and amendments to any of the foregoing.

d.  As used in this Order, the term "Confidential Information" means, consistent with Federal Rule of Civil Procedure 26(c), any document, material or information supplied in any form, or any portion thereof, which contains confidential or proprietary business, commercial, research, personal, personnel, process, product, or financial information of the producing Party or non-party. By way of example, and not limitation, Confidential Information includes: discussions of business operations,

processes, and procedures; personally identifiable information such as social security numbers; proprietary software or systems; proprietary edits or customizations to software; proprietary product information; margin, cost, and pricing information; trade secrets; confidential research and analysis; board materials, discussions, and presentations; executive meeting minutes, materials, discussions, and presentations; interactions with government regulatory bodies; negotiation strategies; information or data relating to strategic plans; data received from a non-party pursuant to a current Non-Disclosure Agreement; commercial agreements; settlement negotiations; and settlement agreements. A designation by a Party or non-party of Confidential Information shall constitute a representation to the Court that such Party or non-party believes in good faith that the information constitutes Confidential Information. The parties and non-parties shall make a good-faith effort to designate information only as needed.

e.  As used in this Order, "Protected Documents" means Documents a Party has designated as containing Confidential Information entitled to protection under this Order.

2.  Designation. Upon determining in good faith that a Document contains Confidential Information, a Party may designate a Document as a Protected Document by placing or affixing the words "CONFIDENTIAL" on the Document and on all copies in a manner that will not interfere with the legibility of the Document. The marking "CONFIDENTIAL" shall be applied prior to or at the time the Protected Document is produced or disclosed. Any copies that are made of Protected Documents, including electronic images, duplicates, extracts, summaries or descriptions, shall also be marked CONFIDENTIAL, except that indices, electronic databases or lists of Documents that do not contain substantial portions or

images of the text of Protected Documents and do not otherwise disclose the substance of the Confidential Information contained therein are not required to be marked. To the extent attachments to documents containing Confidential Information do not contain Confidential Information, the attachment(s) shall not be designated CONFIDENTIAL.

3.  Depositions. Unless all Parties agree otherwise on the record at the time the deposition testimony is taken, all deposition transcripts and exhibits shall be treated as Protected Documents until fourteen calendar days following delivery of the final version of the transcript. Within this time period, a Party may serve a notice of designation to all Parties of record as to the portions of the transcripts or exhibits that contain Confidential Information, and thereafter only those portions identified in the notice of designation shall be treated as Protected Documents. Any testimony which describes a document which has been designated CONFIDENTIAL, as described above, shall also be deemed to be designated CONFIDENTIAL.

4.  Protection of Confidential Information.

    a.  General Protections. Except as provided in paragraph (13), Protected Documents shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Protected Documents may not be disclosed to any other member of the putative class other than the named Plaintiffs. If a non-named Plaintiff requests access to Protected Documents, the Party in receipt of that request shall notify the designating Party, who will determine on a case by case basis whether the Protected Documents may be disclosed to the non-named Party. Prior to the non-named Party's receipt or review of Protected Documents, the non-named Party must execute Attachment A.

      b.      Limited Third-Party Disclosures. The Named Parties and counsel for the Named Parties shall not disclose or permit the disclosure of any Protected Documents to any third person or entity except as set forth in subparagraphs (i)–(x) and in paragraph (13). Subject to these requirements, the following categories of persons may be allowed to review Protected Documents:

      i.      Counsel. Counsel (or prospective counsel) for the Named Parties, including in-house counsel of any Named Party, and employees of counsel to whom it is necessary that the material be shown for purposes of this litigation (including but not limited to attorneys (including contract attorneys retained for document review), paralegals, secretaries, and law clerks);

      ii.      Named Parties. Named Parties and employees of a Named Party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

      iii.      The Court and its personnel;

      iv.      Court Reporters and Recorders. Any court reporter employed for purposes of depositions in this litigation, including persons operating video recording equipment at video depositions, as well as employees of copy centers, document scanning services, or similar contractors used by the Named Parties for purposes of reproducing or managing Documents produced in connection with this litigation;

      v.      Document Contractors. Those persons specifically engaged for the limited purpose of making copies of Documents or organizing or processing

Documents, including outside vendors hired to process electronically stored Documents;

vi. Consultants and Experts. Consultants, investigators, or experts (and their support staff) employed or retained by the Named Parties or counsel for the Named Parties (or prospective consultants, investigators, or experts (and their support staff) considered for employment or retention) to assist in the preparation and trial of this action, provided that the individual consultant, investigator, or expert to whom Protected Documents are or will be disclosed: (1) has been retained by a Party or counsel to serve as an expert witness or as a consultant in this action; (2) is not known to be regularly employed or engaged by a current or prospective competitor of the Party or non-party that designated the material;

vii. Witnesses at depositions, hearings or trial. During their depositions, or hearing or trial examinations, witnesses in this action to whom disclosure is reasonably necessary, who do not fall under subsections (b)(ii), (b)(viii), or (b)(x), and who have or would have had access to the document in the ordinary course. Witnesses shall not retain copies of Protected Documents, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as containing Confidential Information pursuant to this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

6

   viii. Author or recipient. The author or recipient of the Protected Document (not including a person who received the Protected Document in the course of litigation);

   ix. Any mediator, arbitrator, or other dispute resolution professional who is assigned to hear this matter, and his or her staff; and

   x. Others by Consent. Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

  c. Before acquiring access to any of the Protected Documents or the information contained therein, each person described in paragraphs 4(b)(iv)-(vi), 4(b)(ix)-(x), and any prospective counsel within the scope of paragraph 4(b)(i), above shall be advised of the terms of this Protective Order, and each non-party witness covered by 4(b)(vii), shall be given a copy of this Protective Order, and shall agree in writing, by completing the certification contained in the "Acknowledgement and Agreement to Be Bound" (Attachment A) accompanying this Protective Order, to be bound by its terms and to submit to the jurisdiction of this Court. Counsel shall retain the original copies of executed Acknowledgment forms and need not disclose who has executed them during the course of this Action, unless a dispute arises as to the dissemination of Confidential Information to persons other than those identified as authorized under this Order.

  d. Control of Protected Documents. Counsel for the Named Parties shall adopt firewalls, access codes, encryption, or other reasonable security measures to prevent unauthorized or inadvertent access or disclosure of Protected Documents or the information contained therein. If a Party learns that, by inadvertence or otherwise, it has

7

disclosed Protected Documents to any person or in any circumstance not authorized under this Order, the Party must promptly (1) notify in writing the designating Party of the unauthorized disclosure; (2) use its best efforts to retrieve all copies of the Protected Documents; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (4) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" (Attachment A) accompanying this Order. Counsel shall maintain the originals, or scanned or facsimile versions, of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

5. Failure to Designate. A failure to designate a Protected Document does not waive the right to so designate the Document; nor shall it be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. If a Party designates a Protected Document after it was initially produced, the receiving Party, on notification of the designation, must make a reasonable effort to assure that the Document is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of a Document during a time when it has not been designated a Protected Document, even where the failure to so designate was inadvertent and where the material is subsequently designated a Protected Document.

6. Filing of Protected Documents. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing Party) with the Clerk of

8

the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing Party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing Party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing Party's rights under paragraph (8) of this Confidentiality Order.

7. Right to Assert Other Objections. By stipulating to the entry of this Order, no Named Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Named Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

8. Challenges by a Party to Designation as Confidential Information. A Party may at any time, in good faith, object to the designation of any document or specific information as Confidential Information by stating its objection in writing, which specifies (by Bates number) the document or information challenged and includes a statement of the legal or factual basis for each objection to the Party or non-party making the designation. Furthermore, it shall make a good-faith effort to resolve the dispute with counsel for the Party or non-party so designating the document or information. If the Parties cannot reach agreement as to the designation, the receiving Party or objector may file a motion challenging the designation of the document or information as Confidential Information. The burden of proving the confidentiality of designated information remains with the Party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motion. Until the court rules on the motion, all Parties

9

shall continue to treat the materials as a Protected Document under the terms of this Order. In the event that the final ruling is that the challenged material is not confidential, the designating Party shall reproduce copies of all materials with their designations removed within thirty days of such ruling at the expense of the designating Party.

9. Action by the Court. Applications to the Court for an order relating to the designation of a Protected Document shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

10. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

   a. If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Document, the receiving Party must so notify the designating Party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

   b. The receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

11. Right to Further Relief. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

12. Final Disposition. Unless otherwise ordered or agreed in writing by the producing Party, within sixty days after the final termination of this action, including any

appeals, each receiving Party must return or destroy all Protected Documents, including all copies, abstracts, compilations, summaries or any other form of reproducing or capturing information in the Protected Document, to the producing Party. Whether the Protected Documents are returned or destroyed, the receiving Party must submit a written certification to the producing Party (and, if not the same person or entity, to the designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Documents that were returned or destroyed and that affirms that the receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Documents. Notwithstanding this provision, counsel are entitled to retain an archival copy of any Protected Documents that counsel reasonably believes is necessary to comply with any applicable attorney disciplinary rules, as well as an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Documents. Any such archival copies that contain or constitute Protected Documents remain subject to this Stipulated Protective Order until the designating Party agrees otherwise in writing or this Court orders otherwise. The Clerk of the Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals.

    13.    Nothing in this Order is intended to limit a producing Party's use, disclosure, or communication of its own Confidential Information, nor to prevent the designating Party from disclosing to any person a Protected Document not otherwise designated confidential by any other Party. Such disclosures shall not affect any designation of confidentiality made pursuant to the terms of this Order, so long as the disclosure is made in a manner reasonably calculated to maintain the confidentiality of the information.

## PRODUCTION OF PRIVILEGED, PROTECTED, OR OTHER MATERIAL IMMUNE FROM DISCOVERY

14. Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of a document containing material subject to a claim of privilege or protection (collectively in this section, "privilege" or "privileged" material) shall not constitute a waiver in this or any other federal or state proceeding of any privilege applicable to that document or the material contained in that document.

15. Federal Rule of Civil Procedure 26(b)(5)(B) shall govern any production of materials subject to a claim of privilege. In notifying the receiving Party of the privilege claim, the producing Party shall identify the document(s) subject to the privilege claim by Bates range whenever possible. No later than ten business days after receiving such notice, the receiving Party shall certify in writing that it has returned, destroyed, or otherwise sequestered all copies or versions of the documents requested to be returned, sequestered, or destroyed and that the receiving Party shall not attempt to use such documents without further order of the Court permitting such activity.

\* \* \*

16. Time Periods. Nothing contained in this Order shall affect the ability of the parties to alter the time periods set forth in this Order by agreement.

17. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assignees, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

18. **Not Exclusive.** Any person requiring further confidentiality protection may petition the Court for a separate order governing disclosure of its information.

19. **Failure to Comply.** Failure to comply with any provision of this Order shall subject the non-complying Party, non-complying counsel and/or the Party such counsel represents to any and all appropriate remedies, sanctions and the like, and/or any other relief that this Court may from time to time deem appropriate.

20. **Continuing Obligations.** The provisions of this Order shall survive the conclusion of the Action.

Respectfully submitted,

By: /s/ *James A. Moore*
James A. Moore (admitted *pro hac vice*)
Mikael Neville (USDC D. Md Bar No. 19855)
MCTIGUE LAW LLP
4530 Wisconsin Ave., NW, Ste. 300
Washington, DC 20016
Tel: (202) 364-6900
Fax: (202) 364-9960
jmoore@mctiguelaw.com
mneville@mctiguelaw.com

By: /s/ *Scott M. Lempert*
COHEN MILSTEIN SELLERS & TOLL, PLLC
Karen L. Handorf (admitted *pro hac vice*)
Scott M. Lempert (admitted *pro hac vice*)
Jamie Bowers (admitted *pro hac vice*)
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
khandorf@cohenmilstein.com
slempert@cohenmilstein.com
jbowers@cohenmilstein.com

*Counsel for Plaintiffs*

By: /s/ *Shannon M. Barrett*
Shannon M. Barrett
Brian D. Boyle (*pro hac vice*)
Gregory F. Jacob (D. Md. Bar No. 06769)
Shannon M. Barrett (D. Md. Bar No. 16410)
Deanna M. Rice (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
bboyle@omm.com
gjacob@omm.com
sbarrett@omm.com
derice@omm.com

Jeffrey A. N. Kopczynski (*pro hac vice pending*)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
jkopczynski@omm.com

*Attorneys for Defendants*

**Attachment A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# BALTIMORE DIVISION

|  |  |
|---|---|
| DAVID G. FEINBERG et al., and all others similarly situated, )<br>)<br>) | |
| Plaintiffs, )<br>)<br>) | Civil Action No. 1:17-cv-00427-JKB |
| vs. )<br>) | |
| T. ROWE PRICE GROUP, INC. et al., )<br>)<br>) | |
| Defendants. )<br>) | |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I CERTIFY THAT I HAVE RECEIVED A COPY OF THE STIPULATED PROTECTIVE ORDER DATED _____, 2019 ("ORDER").

I FURTHER CERTIFY THAT I HAVE READ OR AM OTHERWISE FAMILIAR WITH AND UNDERSTAND THE CONTENTS OF THIS ORDER.

I UNDERSTAND AND AGREE TO COMPLY WITH THE STANDARDS AND PROCEDURES WHICH ARE SET FORTH IN THE ORDER. I UNDERSTAND THAT COMPLIANCE WITH THESE STANDARDS AND PROCEDURES IS A CONDITION OF RECEIPT OF CONFIDENTIAL MATERIAL AND THAT A FAILURE TO COMPLY MAY CONSTITUTE CONTEMPT OF THE COURT AND/OR A VIOLATION OF APPLICABLE LAWS. I AGREE TO CONSENT TO JURISDICTION OF THIS COURT FOR THE PURPOSE OF ENFORCING THIS ORDER.

DATE: _____         NAME (PRINT): _____

                                                                       ADDRESS: _____

                                                                        TELEPHONE: _____

                                                                        SIGNATURE: _____