IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID G. FEINBERG, *et al.*,  *
and all others similarly situated,
                                *
    Plaintiffs
                                *
v.                                  Civil Case No. 17-cv-00427-JKB
                                *
T. ROWE PRICE
GROUP, INC., *et al.*           *

    Defendants.               *

\* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

This is a follow-up dispute to one that the Court addressed in its June 17, 2019 letter order. (ECF No. 94). To summarize, the parties disagreed about the adequacy of Defendants' search for Electronically Stored Information ("ESI"). Although the Court found that Defendants' efforts were generally reasonable, it ordered Defendants to produce a sample of the ESI that Defendants' employed search methodology had deemed unresponsive to verify that that methodology had not overlooked a meaningful number of responsive documents.[1] Defendants anticipate that this sample will be approximately 700 documents.

Defendants have argued that the parties' current protective order does not adequately cover potential issues relating to the production of the above-described sample and so seek an order specifically tailored to its production. (ECF Nos. 96 & 100). Plaintiffs argue that the current protective order is adequate to cover the sample and that Defendants' proposed order imposes an undue burden on them. (ECF No. 98). Further, Plaintiffs have three additional specific objections

---

[1] Defendants have represented that their own statistical analysis of their ESI production shows that the expected rate of "false negatives" (i.e., documents deemed unresponsive that were, in fact, responsive) is somewhere between .02% and 5%.

to the wording of the proposed order: (1) it fails to adequately provide for the disposition of documents from the sample that, in fact, are found to be responsive; (2) it provides inadequate time for it's proposed disposition of unresponsive documents; and, (3) it incorporates a preliminary "whereas" clause that is factually inaccurate. *Id.*

Pursuant to the Federal Rules of Civil Procedure, the scope of discovery is limited to nonprivileged matters relevant to the parties' claims or defenses and proportional to the needs of the case. Fed. R. Civ. Proc. 26(b). Here, the Court has ordered the production of documents that Defendants have determined to be nonrelevant to the parties' claims or defenses for the limited purpose of verifying the reasonableness of Defendants' ESI efforts. That is, the documents are outside the scope of discovery. Defendants have further represented to the Court that the sample contains documents that include confidential information, such as employee salary information. Because the documents are outside the scope of discovery, being produced for the limited purpose of corroborating the reasonableness of Defendants' ESI production efforts, and contain (at least in part) sensitive information, Defendants argue that a more tailored protective order should govern their production, use and disposition.

The Court agrees. With documents that are otherwise discoverable, the intrusion into a party's business or affairs is offset by the responsibilities that the litigants have to the process as set forth by the Federal Rules. With documents that are, by definition, beyond the scope of discovery, the same compact does not exist, and additional care should be taken to make sure that the documents at issue here cannot be used beyond their limited purpose, and that they be returned or destroyed when that purpose is served. In the Court's view, this imposes no undue burden on Plaintiffs, for whose benefit the sample is being produced in the first place.

As for Plaintiffs' more specific objections, Defendants' proposed order (ECF No. 100-2) does create a process for dealing with documents from the sample that, whether by agreement of the parties or ultimate determination by the Court, are found to be responsive. In terms of the disposition of unresponsive documents, the Court will extend the deadline for returning or destroying such documents until ten (10) days after a final determination by this Court as to the current discovery dispute, to include a decision by Judge Bredar concerning any appeal of my June 17, 2019 order, (ECF No. 94), or any subsequent order relating to the current dispute. The Court will not order the destruction of any attorney work-product concerning the sample as the Court is confident that Plaintiffs will abide this Court's order that the materials may not be used for any purpose other than evaluating the reasonableness of Defendants' ESI production.

Finally, the Court notes that Defendants have removed the objected-to "whereas" clause from the most recent version of their proposed order.

A separate order will follow.

Dated: July 2, 2019  /s/
J. Mark Coulson
United States Magistrate Judge