IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID G. FEINBERG, *et al.*, and all others similarly situated, | * |
| | * |
| Plaintiffs | |
| | * |
| v. | Civil Case No. 17-cv-00427-JKB |
| | * |
| T. ROWE PRICE GROUP, INC., *et al.* | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \*

## PROTECTIVE ORDER

Defendants T. Rowe Price Group, Inc., T. Rowe Price Associates, Inc., T. Rowe Price Trust Company, T. Rowe Price, Inc. Management Committee, T. Rowe Price Group, Inc. Management Compensation Committee, T. Rowe Price Group, Inc. Board of Directors, Preston Athey, Steve Banks, Celine Dufetel, Eric Gee, Michael McGonigle, Kenneth Moreland, Larry Puglia, and Meredith Stewart ("Defendants"), by and through their counsel of record, subject to this Court's order, request as follows concerning the disclosure of documents pursuant to the Court's order (ECF No. 94) under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d).

**WHEREAS**, on June 14, 2019, the Court held a telephone conference to hear disputes between the parties over Defendants' methodology to search for potentially responsive electronically stored information (ESI);

**WHEREAS**, the Court ordered Defendants to conduct additional statistical sampling on documents that were excluded from review for production as the result of certain modifications by Defendants to Plaintiffs' proposed search terms, (ECF No. 94, pp. 2-3) ("Excluded Documents"); and

**WHEREAS**, the Court ordered Defendants to produce to Plaintiffs for review a sample set of the Excluded Documents, consisting of twice the number of documents necessary to draw inferences about the range of responsive documents likely to be found in the Excluded Documents, at 95% confidence ("the Sampled Documents") so that Plaintiffs may evaluate the effectiveness of Defendants' modifications to Plaintiffs' January 4, 2019 search terms and, in particular, confirm that Defendants' April 8, 2019 terms do not eliminate an unreasonable number of responsive documents (ECF No. 94, p. 3).

**THE COURT HEREBY ORDERS:**

1. Defendants present the Sampled Documents to Plaintiffs to review for the limited purpose of evaluating the effectiveness of Defendants' April 8, 2019 search terms. Under Federal Rule of Evidence 502(d), Defendants' disclosure of the Sampled Documents shall not, for the purposes of this proceeding or any other proceeding, constitute a waiver by Defendants of any privilege or protection, including the attorney-client privilege, work product protection, and any other privilege or protection recognized by law applicable to the Sampled Documents; any other documents, communications, or information relating to the subject matter of the Sampled Documents; or any other documents, communications, or information relating to the parties who sent or received or are named in the Sampled Documents.

2. Nothing herein shall constitute or be construed as a waiver of any objection(s) to discovery or disclosure pursuant to, inter alia and without limitation, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any other court rule or other federal or state statute, rule, or regulation. Moreover, nothing herein shall prevent Defendants from invoking any privilege or protection over any document, information, or communication outside of the Sampled Documents.

3. Plaintiffs shall not use the Sampled Documents or their contents in any other way or for any other purpose, in this proceeding or in any other proceeding, other than to evaluate the reasonableness of Defendants' ESI search methodology absent further order of the Court.

4. Within ten (10) business days of the Court's order finally resolving this dispute (to include any appeal of this Court's June 17, 2019 order, (ECF No. 94), or any subsequent order regarding this dispute), Plaintiffs must certify to the Court that the Sampled Documents have been destroyed or returned to Defendants.

5. In the event individual documents within the Sampled Documents are determined by the Court, or agreed by the parties, to be responsive to Plaintiffs' appropriate requests in this case, Defendants shall produce copies of such documents bearing Bates-stamp numbers consistent with the numbering convention used by Defendants for production purposes.

6. All the Sampled Documents are designated as Confidential under the existing Protective Order (ECF No. 69) entered in this action on February 15, 2019.

7. All Sampled Documents will be stamped with Bates stamp prefix "FeinbergSample" and labeled with the following designation: "Confidential. Produced for review pursuant to Court order (ECF No. 94). Subject to the Protective Orders. Protected by FRE 502(d)."

**SO ORDERED:**

Dated: July 2, 2019

　　　　　/s/　　　　　　．
J. Mark Coulson
United States Magistrate Judge