IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID G. FEINBERG, *et al.*,
and all others similarly situated,

    Plaintiffs

v.                                              Civil Case No. 17-cv-00427-JKB

T. ROWE PRICE
GROUP, INC., *et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

This matter has been referred to me for discovery and all related scheduling. (ECF No. 75). Presently before the Court is T. Rowe Price Groups' ("Defendants") Motion to Compel Further Interrogatory Responses. (ECF No. 120). David Feinberg, and all others similarly situated ("Plaintiffs") filed an Opposition (ECF No. 120-10), and Defendants filed a Reply (ECF No. 120-12). This issue is fully briefed, and no hearing is necessary. *See* Local Rule 105(6) (2018). For the reasons stated below, Defendants' Motion to Compel Further Interrogatory Responses is GRANTED in PART.

    I.      Background

As pertinent to this Motion, Plaintiffs allege that Defendants violated the Employment Retirement Income Security Act ("ERISA") by limiting the investment options of the T. Rowe Price U.S. Retirement Program ("the Plan") to a range of investment options offered by T. Rowe, to the exclusion of other funds by non-T. Rowe affiliated providers. (ECF No. 120-2 at 2). In addition, Plaintiffs allege that the Plan's investment options were too expensive, Defendants imprudently failed to remove funds that underperformed, Defendants relied upon improper

1

benchmarks to assess performance, and Defendants used Plan assets to seed new investment vehicles. *Id*.

Regarding the discovery posture of this matter, a scheduling order was issued on December 18, 2018, establishing a June 1, 2019 deadline for the service of fact discovery requests including requests for admission. (ECF No. 65). On March 27, 2019, the fact discovery deadline was re-established as July 30, 2019.[1] (ECF No. 73). Shortly thereafter, on April 17, 2019, this case was referred to me for discovery and related scheduling, prompted by a motion to compel filed by Plaintiffs regarding Defendants' Response to Request for Production of Documents. (ECF No. 75). The motion was denied. (ECF No. 76.)

In short order, this Court next dealt with various discovery disputes centered largely on the discovery of Electronically Stored Information ("ESI"). (ECF Nos. 85, 94, 104 & 105). On July 1, 2019, the Court also granted the parties' joint motion to extend the schedule deadlines by ninety days, extending the deadline for service of written discovery to September 30, 2019, and fact discovery to October 28, 2019. (ECF No. 103).

On August 19, 2019, Plaintiff filed a Motion for Targeted ESI Discovery Relief (ECF No. 107), to which Defendants responded on September 3, 2019. (ECF No. 110). This Court denied Plaintiffs' Motion (ECF No. 111).[2] On September 30, 2019, Counsel filed an additional joint motion for a thirty-five day extension of time to complete fact discovery, which this Court granted on that same day, thereby extending the discovery deadline to December 2, 2019. (ECF Nos. 114 and 115). Thus, the parties have been engaged in fact discovery for almost a year, have

---

[1] The Court's original scheduling order had the fact discovery deadline erroneously as April 30, 2019, instead of the intended June 30, 2019. (ECF No. 65 at 2).

[2] Plaintiffs then filed an Appeal of Magistrate Judge Decision (ECF No. 112), which was denied by Chief Judge Bredar. (ECF No. 113).

appropriately and promptly sought Court assistance when necessary, and hopefully would agree that the Court has responded in a nimble fashion to resolve disputes as they arose.

The question pending before the Court is whether to compel Plaintiffs to fully respond to Defendants' Interrogatories, specifically numbers 4, 5, 6, 7, 9, 10, 12, and 14, with the information available to them at this stage of the case now that fact discovery has closed. (ECF No. 120 at 1). Plaintiffs resist answering, arguing that the interrogatories are premature, overly broad, unduly burdensome, and/or compound.

II. The Discovery at Issue

The interrogatories at issue are as follows.

Interrogatory number four requests that Plaintiffs:

State all facts and identify all Documents and Communications that You believe support Your contention that Plan Investment Options charged the Plan and/or Plan participants excessive or unreasonable fees at any point during the Relevant Time Period. *See* Compl. ¶ 53–74. Include in Your response an identification of Investment Options allegedly bearing excessive or unreasonable fees, and the period of time within the Relevant Time period during which You contend those Investment Options' fees were excessive or unreasonable. (ECF No. 120-4 at 8).

Plaintiffs object on the grounds that the interrogatory is premature (by which Plaintiffs mean prior to the close of expert discovery), overbroad, unduly burdensome, compound and impermissibly seeks discovery of expert information prior to an obligation to provide same. (ECF No. 120-5 at 7). Plaintiffs also object to the phrase "excessive or unreasonable fees" as an improper distillation of the allegations in paragraphs 53–74 of Plaintiffs' Second Amended Complaint. *Id*.

Interrogatory number five requests that Plaintiffs:

State all facts and identify all Documents and Communications that You believe support Your contention that the Plan's Investment Options charged fees that "were generally many times higher than the fees in comparable funds offered by other mutual fund companies that were frequently used by other plans." Compl.

3

¶ 52. Include in Your response an identification of the purportedly "comparable funds" and all facts purporting to show that those funds are "comparable" to one or more of the Investment Options. (ECF No. 120-4 at 8).

Plaintiffs raise the same objections. (ECF No. 120-5 at 8).

Interrogatory number six requests that Plaintiffs:

> Identify all Investment Options that You contend had a "cheaper, yet materially identical Sub-advised analogue[] that could have replaced the Investment Option in the Plan at any point during the relevant Time Period. Compl. ¶ 68. Include in Your response an identification of each "cheaper, yet materially identical Sub-Advised analogue[]" that corresponds to each Investment Option and the period of time within the Relevant Time Period during which you contend that the "cheaper, yet materially identical Sub-Advised analogue[]" was available. (ECF No. 120-4 at 7–8).

Plaintiffs objects that the interrogatory is premature and seeks disclosure of expert information prior to any obligation to provide same. (ECF No. 120-5 at 8).

Interrogatory number seven requests that Plaintiffs:

> Identify the investment Options that You contend were "underperforming" or "poorly performing investments" that Defendants imprudently and disloyally "failed to monitor" and remove at any point during the Relevant time period. *See* Compl. ¶¶ 75–90. Include in Your response an identification of the date on which You contend a prudent fiduciary would have removed the identified Investment Options. (ECF No. 120-4 at 7–8).

Plaintiffs object that the interrogatory is premature and compound and seeks disclosure of expert information prior to any obligation to provide same. (ECF No. 120-5 at 9).

Interrogatory number nine requests that Plaintiffs:

> State all facts and identify all Documents and Communications that You believe support Your contention that Plan participants "would have earned at least $123 million more for their retirement" if Investment Options with "weak" performance had been replaced with "alternative comparable funds." Compl. ¶ 90. Identify in Your response those Investment Options that You contend contributed to the asserted $123 million loss and the "alternative comparable funds" that You contend should have replaced those investment options." (ECF No. 120-4 at 9).

4

Plaintiffs re-allege that the interrogatory is overly broad and unduly burdensome. (ECF No. 120-5 at 10).

Interrogatory number ten request that Plaintiffs:

> Identify the collective trust Investment Options that You contend Defendants offered in the Plan "to give the trust[] the capital [it] needed to sustain operations and attract new investors" at any point during the Relevant Time Period, and state all facts and identify all Documents and Communications that You believe support Your Contention. Compl. ¶ 92. (ECF No. 120-4 at 10–11).

Plaintiffs object that the Interrogatory is premature and compound and seeks disclosure of expert information prior to any obligation to provide same. (ECF No. 120-5 at 10).

Interrogatory number twelve requests that Plaintiffs:

> Identify the Investment Options for which You contend that Defendants "rel[ied] on comparisons to benchmarks that do not adequately correspond" to the Investment Option's "investment strategy and risk profile" at any point during the Relevant Time Period and, to the extent You contend that Defendants' use of such benchmarks for those Investment Options harmed the Plan, state all facts and identify all Documents and Communications that You believe support that contention. Compl. ¶ 87. (ECF No. 120-4 at 10).

Plaintiffs raise the same objections and re-insert that the interrogatory is overly broad and unduly burdensome. (ECF No. 120-5 at 11–12).

Finally, interrogatory number fourteen requests that Plaintiffs:

> State all facts and identify all Documents and Communications that You believe support Your contention that Defendants T. Rowe Price Trust Company and T. Rowe Price Associates, Inc., gave the Plan's trustees "imprudent investment advice" that was "routinely . . . followed, in conjunction with the monitoring, selection, and the appropriateness of continuing to offer in-house funds for the 401(k) Plan." Compl. ¶ 106. (ECF No. 120-4 at 10–11).

Plaintiffs raise the same objections as immediately above. (ECF No. 120-5 at 12).

After receiving complaints from Defendants, Plaintiffs filed supplemental answers which, in large part, reiterated the above objections. (ECF No. 120-8). Plaintiffs also generally referred to the following:

5

- The listing of all available mutual funds and share classes on T. Rowe Price's public facing website, available at https://www.troweprice.com/financial-intermediary/us/en/investments/mutual-funds.html;
- Registration statements, prospectuses, and incorporated documents for mutual funds, available at https://www.sec.gov/edgar.shtml;
- Department of Labor 5500s for the collective trust investment options, available at https://www.efast.dol.gov;
- Fact sheets for collective trust investment options, indexed on Google through at https://www3.troweprice.com/rws/rps/public/assets/ffs/; and
- Audited financial statements for collective trust investment options, indexed on Google at https://www.benefits.ml.com.
- Changes to the Plan line-up, disclosed on Department of Labor 5500s, available at https://www.efast.dol.gov; and
- Account Statements (*e.g.*, TRP_Feinberg00069054).

*Id*. at 6.

III. Discussion

In addition to objections outlined above, Plaintiffs assert in their Opposition ( ECF No. 120-10) that Defendants failed to comply with Local Rule 104.8; failed to show that further supplemental responses would provide complete, useful information; and failed to offer a "single valid reason why they would be prejudiced by waiting a bit longer," as Plaintiffs have "made clear to Defendants that they intend to further supplement their responses to Defendants' Contention Interrogatories later in this case." (ECF No. 120-10 at 2 & 10). The procedural objections are addressed first, and then the Court will turn to the substantive objections.

A. Procedural Objections

Plaintiffs argue that Defendants' Motion can be denied as procedurally improper because it violates the Local Rules of this Court. (ECF No. 120-10 at 3). Specifically, Local Rule 104.8(a) requires:

> If a party who has propounded interrogatories or requests for production is dissatisfied with the response to them and has been unable to resolve informally . . . that party shall serve a motion to compel . . . . *The memorandum in support of the motion shall set forth, as to each response to which the motion is directed, the*

> *discovery request, the response thereto, and the asserted basis for the insufficiency of the response*. L.R. 104(8)(a) (2018) (emphasis added).

Assuming, *arguendo*, that Defendants failed to comply with the "delineation requirement" of this rule such a failure does not *per se* require dismissal of a party's motion to compel. *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 497 (D. Md. 2000) ("[A]n absolute rule requiring [dismissal] without first determining whether the opposing party would suffer any real prejudice if the motion is granted would be too harsh a construction of the local rule."). If the non-moving party will not suffer any undue prejudice as a result of the moving party's failure to comply with Local Rule 104.8, and there is good cause to excuse the failure to comply, then the moving party's motion will not be dismissed because of the procedural defect. *Chavis v. Plumbers & Steamfitters Local 486 Pension Plan*, 2019 WL 4879015, at *4 (D. Md. Oct. 3, 2019). Here, the well-documented communications between Counsel illustrate that the non-moving party (Plaintiffs), would not suffer any undue prejudice as a result of the (alleged) failure to comply with the minutia of the rule. Further, the parties submitted a Joint Certificate of compliance (ECF No. 120), certifying that in accordance with Local Rules 104.7 and 104.8, they met and held a discovery conference. At this time, Defendants discussed the motion to compel with Plaintiffs prior to requesting Court involvement. *Id.*

Plaintiffs argue that this Motion should be dismissed because Defendants failed to set out (for *each* disputed interrogatory response), the text of the interrogatory, the text of Plaintiffs' response, and the ground on which Defendants contend each response is insufficient. (ECF No. 120-2 at 2, 3, 10). Although the format utilized by Defendants does not follow that set forth in our Local Rules, Defendants' format was not a significant hindrance to the Court. Moreover, striking Defendants' motion would only further delay this dispute. *See Daimler Trust v. Prestige*

*Annapolis, LLC*, 2017 WL 3085680 (D. Md. July 20, 2017) ("District courts enjoy broad latitude in administering local rules.").

B. Substantive Objections

The interrogatories at issue can generally be categorized as "contention" interrogatories wherein the requesting party seeks the factual basis for contentions asserted in a pleading. Such discovery is specifically authorized by the Federal Rules of Civil Procedure:

> An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete or until a pretrial conference or some other time. Fed. R. Civ. P. 33(a)(2).

Although many courts disfavor "early" contention interrogatories, and postpone the responding party's answers until at or near the close of discovery, that is not universally the case where a requesting party shows sufficient justification for an earlier response. *Compare Cardoza v. Bloomin' Brands, Inc.*, 2015 WL 3875916, at *2 (D. Nev. June 22, 2015), *with Wide Voice, LLC v. Sprint Communications Co., LP.*, 2016 WL 1150772, at *2 (D. Nev. May 19, 2016); *see also CSX Transp., Inc. v. Peirce*, 2012 WL 12892733, at *4 (N.D. W.Va. May 23, 2012) (holding contention interrogatories may be used once a case is "well into" the discovery phase). Importantly, interrogatories requesting the identification of supporting witnesses and documents are not subject to the timing concerns discussed above. See *Dalmatia Import Group, Inc. v. Foodmatch, Inc.*, 2016 WL 5721161, at *2 (E.D. Pa Oct. 3, 2016).

Plaintiffs assert in each of their objections that the discovery sought is premature and should await the conclusion of expert disclosures and discovery.[3] Defendants counter that the

---

[3] It is not entirely clear what that deadline is. Although the parties initially proposed separate deadlines for expert identification and reports keyed to the Court's decision on class certification, it does not appear as though those proposals were part of the Court's initial scheduling order or extension orders. For purposes of this opinion, the Court

interrogatories seek the specific factual support for matters asserted in the Second Amended Complaint and do not invade the province of experts. As set forth above, courts are somewhat receptive to "timing" arguments seeking to defer contention interrogatory answers until discovery is complete or substantially complete. Although Plaintiffs' objection of "prematurity" may well have been valid when the discovery was first propounded and during the initial pendency of this discovery dispute — fact discovery has now concluded. Defendants should not be required to wait any longer to explore the specific factual basis underlying those parts of the Second Amended Complaint to which the interrogatories refer, even if experts will further expound on these areas. *See e.g.*, *Facedouble, Inc. v. Face.com, Inc.*, 2014 WL 585868, at *3 (S.D. Cal. Feb. 13, 2014) (finding no basis to delay responding to a contention interrogatory until expert discovery); *In re Urethane Antitrust Litig.*, 2009 WL 2058759, at *2 (D. Kan. July 15, 2009) ("Although plaintiffs' expert *may* identify additional [information] that support[s] plaintiffs' claims, plaintiffs may not shirk their duty of answering [contention interrogatories] now 'with whatever information they have.'"). With the exception of Interrogatory number nine which appears to contemplate expert calculations, the remaining interrogatories do not themselves directly seek an expert opinion, the names of experts, or the materials relied upon by experts, and thus are not objectionable on that basis. *See United States v. Blue Cross Blue Shield*, 2012 WL 12930840, at *6 (E.D. Mich. May 30, 2012) (compelling a response to an interrogatory challenged as premature when the interrogatory did not "call for expert opinion or facts known only to experts," because substantial discovery had already occurred at the time).

---

assumes that expert disclosures and reports are due at some point after the December 2, 2019 fact discovery deadline and prior to a dispositive motion deadline.

As for Plaintiffs' repeated objection that the interrogatories are overbroad, burdensome and/or compound, it is true that Defendants' interrogatories could be interpreted as overly expansive, although that is somewhat tempered by the fact that these interrogatories are aimed at what *Plaintiffs* contend or what *Plaintiffs* believe. In other words, Defendants seek to discover exactly what evidence Plaintiffs intend to point to in order to prove the allegations in their Second Amended Complaint. That is the core purpose of discovery and, with the fact discovery deadline now passed, Plaintiffs should be in a perfect position to do so. Plaintiffs' citation to publicly available securities information is too general to fulfill their discovery obligations. As Defendants state:

> The central problem is that none of Plaintiffs' references to undifferentiated masses of public records identify Plaintiffs' **contentions**. Defendants' primary interest is in ascertaining which specific funds in the Plan are being challenged by Plaintiffs on various grounds, and no amount of rummaging through public records and Plan-specific reporting will allow Defendants to divine Plaintiffs' litigation targets. But identifying the targets of Plaintiffs' claims is precisely what Defendants need to do in order to properly prepare a defense in this action. (ECF No. 120-2 at 11).

Finally, contrary to Plaintiffs' arguments, requiring such disclosures does not reveal matters otherwise protected by the work product doctrine any more than the information set forth (voluntarily) in a detailed complaint, such as Plaintiffs' Second Amended Complaint. *See In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1015–1016 (1st Cir. 1988) ("[N]ot every item which may reveal some inkling of a lawyer's mental impressions, conclusions, opinions, or legal theories is protected as opinion work product."). This is equally true with respect to contention interrogatories seeking information that Plaintiffs are relying upon in support of those contentions, which all should anticipate as being disclosed during the course of the discovery process. *Id. See also Johnson v. N.C. Dep't of Justice*, 2018 WL 5831997, at *8 (E.D.N.C. Nov.

7, 2018) ("[C]ourts do not, as a general matter, allow a party to use the work-product doctrine to avoid answering contention interrogatories." Further, citing cases in support of such).

As mentioned above, Interrogatory number nine appears to call for calculations and would more efficiently be addressed by an expert at the appropriate time. Plaintiffs need not supplement their answer to Interrogatory number nine.

The remaining interrogatories are narrowed somewhat below, and Plaintiffs are ordered to provide the following:

1. The specific investment options alleged to have charged the Plan excessive or unreasonable fees and the specific time period in which each option allegedly charged those fees. If Plaintiffs take issue with "excessive or unreasonable," they may substitute what they consider a fair characterization of the allegations in ¶¶ 53–74 of the Second Amended Complaint (Interrogatory No. 4);

2. The specific investment options alleged to have charged higher fees than "comparable funds" and what those "comparable funds" purportedly are (Interrogatory No. 5);

3. The specific investment options that allegedly could have been replaced with a "cheaper, yet materially identical Sub-Advised analogue" and the specific time period in which the alleged analogue was available (Interrogatory No. 6);

4. The specific investment options that were allegedly underperforming such that Defendants should have removed them and the specific date on which Plaintiffs contend Defendants should have removed those investment options (Interrogatory No. 7);

5. The specific collective trust investment options that Plaintiffs contend Defendants improperly seeded with Plan investments (Interrogatory No. 10);

6. The specific investment options for which Defendants allegedly relied on improper benchmarks to report or assess performance (Interrogatory No. 12); and

7. The specific facts supporting Plaintiffs' contention that Defendants T. Rowe Price Trust Company and T. Rowe Price Associates, Inc. gave the Plan's trustees improper

11

investment advice (Interrogatory No. 14).

By way of further guidance, Plaintiffs should not simply reiterate phrases from their Second Amended Complaint in providing substantive responses, given that these interrogatories are targeted at the information *supporting* those allegations. *See M & F Fishing, Inc. v. Certain Underwriters at Lloyds*, 2007 WL 9706573, at *9 (S.D. Cal. Apr. 13, 2007) ("What Plaintiffs provided were narrative responses that appear to have been copied nearly verbatim from the text of Plaintiffs' Second Amended Complaint . . . . Courts have routinely concluded that these types of answers are nonresponsive and improper."). Additionally, to the extent there are specific documents that Plaintiffs are relying on for any of the above, they should either be produced or described with sufficient specificity (such as a Bates number within a document production) to allow Defendants to locate them. In providing facts and/or identifying documents, Plaintiffs should avoid the phrase "including but not limited to" or similar phrases; it shall be recognized that the facts or documents so identified represent Plaintiffs' best efforts at the point of supplementation, and that they have the ability (and duty) to timely supplement their answers as required should additional information come to their attention.

Finally, notwithstanding the supplementation ordered here, Plaintiffs' experts will not be limited by Plaintiffs' supplemental responses, may base opinions upon additional or different information, and express opinions more expansive than or different from Plaintiffs' supplemental responses, as long as they are otherwise compliant with the expert disclosure and report timing and requirements imposed by the Federal Rules and this Court.

Plaintiffs should provide this supplementation by January 6, 2020, however the parties are authorized to reasonably extend that deadline by stipulation, and such requests should be reasonably agreed-upon by Defendants. If no agreement can be reached, the parties should contact

Chambers and schedule a call. Any further discovery disputes or scheduling issues that cannot be agreed upon after a good faith effort to do so should be summarized in a letter to me not to exceed three single-spaced pages and also filed via the Electronic Court Filing system. I will then conduct a phone call with the parties and decide whether more extensive briefing is necessary.

IV. Conclusion

For the foregoing reasons, Defendants' Motion to Compel Further Interrogatory Responses (ECF No 120), is GRANTED in PART, subject to the limitations described above. A separate Order shall follow.


December 3, 2019 /s/

J. Mark Coulson
United States Magistrate Judge