# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DAVID G. FEINBERG, *et al.*,       \*
and all others similarly situated,

      Plaintiffs,       \*

      v.       \*       **CIVIL NO. JKB-17-0427**

**T. ROWE PRICE**       \*
**GROUP, INC.,** *et al.*,

      \*

      Defendants.

      \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

This complex case concerns Defendant T. Rowe Price Group, Inc. ("T. Rowe Price")'s administration of the T. Rowe Price U.S. Retirement Program (the "Plan"), a defined contribution 401(k) retirement plan that offers proprietary T. Rowe Price investment vehicles to T. Rowe Price employees. Now pending before this Court is Plaintiffs' Motion to Amend the Court's prior Memorandum on Summary Judgment (ECF No. 209) to certify an interlocutory appeal on the question of whether certain language in Defendants' retirement plan is void under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (ECF No. 213.) Plaintiffs' motion is fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, Plaintiffs' motion will be DENIED because Plaintiffs do not satisfy the three requirements that must be met before this Court may consider taking the extraordinary step of certifying an interlocutory appeal.

## I. *Brief Factual Background*

As described in greater detail in the Court's Memorandum on Summary Judgment (ECF No. 200), the Plaintiffs in this suit are primarily Plan participants "who had a balance in their plan account at any time" from February 14, 2011 through the date of judgment, and Defendants include T. Rowe Price, individuals who served as trustees of the Plan from February 14, 2011 through the date of judgment (the "Trustees"), and other groups affiliated with T. Rowe Price. (*See* ECF No. 83; Pl. Statement of Material Facts ¶¶ 4–18, ECF No. 145-2.) Plaintiffs allege, *inter alia*, that the Trustees breached their fiduciary duties of loyalty and prudence while administering the Plan. (*See* Second Am. Compl., ECF No. 84.)

Plaintiffs also take issue with a 2014 amendment to the Plan's governing document, which the Trustees initially called a "shop at home amendment" and both parties now refer to as a "hardwiring" amendment. (*Id.* ¶¶ 56–61.) This hardwiring amendment requires the Trustees to offer only proprietary T. Rowe Price funds in the Plan. (*Id.* ¶ 59.) Plaintiffs argue that the hardwiring amendment was intended to shield the Trustees from liability in the event that their decision to invest exclusively in T. Rowe Price vehicles was determined to violate the Trustees' fiduciary duties. (Mot. Amend Mem. Supp. at 5, ECF No. 213-1.) Plaintiffs contend that this language violates § 1110(a) of ERISA, which provides that "any provision in an agreement or instrument which *purports to relieve a fiduciary from responsibility or liability* for any responsibility, obligation, or duty under this part shall be void as against public policy." 29 U.S.C. § 1110(a) (emphasis added).

In their motion to reconsider this Court's memorandum on summary judgment, Plaintiffs argued that the hardwiring language is void in light of § 1110(a). (*See* ECF No. 205.) The Court, however, has rejected both Plaintiffs' view that the hardwiring amendment violates

2

§ 1110(a) and Defendants' view that the hardwiring amendment should shield Defendants from liability for breaching their fiduciary duties to Plaintiffs as a matter of law. (*See* ECF No. 200 at 17–18; ECF No. 209 at 3–4.) In their present motion, Plaintiffs ask this Court to amend its Memorandum on Summary Judgment to certify for interlocutory appeal the narrow question of whether the hardwiring amendment violates § 1110(a) of ERISA. (*See* Mot. Amend Mem. Supp. at 1.)

## II. *Legal Standard*

Title 28 section 1292(b) provides that when a district judge believes that an order not ordinarily appealable "involves a *controlling question of law* as to which there is *substantial ground for difference of opinion* and that an immediate appeal from the order may *materially advance* the ultimate termination of the litigation, he shall so state in writing such order." 28 U.S.C. § 1292(b) (emphases added). Relief under § 1292(b) should be granted "sparingly and . . . [§ 1292(b)'s] requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). Unless "all of the statutory criteria are satisfied . . . 'the district court may not and should not certify its order . . . for an immediate appeal under section 1292(b).'" *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 452 (D. Md. 2015) (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)). Moreover, "[e]ven if the requirements of section 1292(b) are satisfied, the district court has 'unfettered discretion' to decline to certify an interlocutory appeal if exceptional circumstances are absent." *Manion v. Spectrum Healthcare Res.*, 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013) (citation omitted). The District of Maryland has emphasized that "[t]he decision to certify an interlocutory appeal is firmly in the district court's discretion." *Randolph v. ADT Sec. Servs., Inc.*, Civ. No. DKC-09-1790, 2012 WL 273722, at *5 (D. Md. Jan. 30, 2012).

For purposes of the § 1292(b) analysis, a "controlling question of law" is typically a question as to the "meaning of a statutory or constitutional provision, regulation, or common law doctrine," as opposed to a "question of law heavily freighted with the necessity for factual assessment." *Butler*, 307 F.R.D. at 452 (quoting *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 623 (D. Md. 2013)); *see also Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir. 1989) (unpublished table decision) (emphasis added) ("Certainly the kind of question best adapted to discretionary interlocutory review is a *narrow question of pure law* whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes."). A "question also may be controlling 'if interlocutory reversal might save time for the district court, and time and expense for the litigants.'" *Coal. for Equity and Excellence in Md. Higher Educ. v. Md. Higher Educ. Comm'n*, Civ. No. CCB-06-2773, 2015 WL 4040425, at *4 (D. Md. June 29, 2015) (quoting 16 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3930 (3d ed. 2021)); *see also LaFleur v. Dollar Tree Stores, Inc.*, Civ. No. RAJ-12-0363, 2014 WL 2121721, at *2 (E.D. Va. May 20, 2014) (alteration in original) (citation omitted) ("A question of law is not controlling if litigation will 'necessarily continue regardless of how that question [is] decided.'").

The next statutory requirement, a "substantial ground for difference of opinion," is satisfied only where "courts, as opposed to parties, disagree on a controlling legal issue." *Randolph*, 2012 WL 273722, at *6; *cf. Va. ex rel. Integra Rec, LLC v. Countrywide Sec. Corp.*, Civ. No. MHL-14-0706, 2015 WL 3540473, at *5 (E.D. Va. June 3, 2015) (citation omitted) ("A mere lack of unanimity, or opposing decisions outside of the governing circuit, need not persuade a court that a substantial ground for disagreement exists.").

Finally, because an interlocutory appeal must materially advance the outcome of the litigation, such an appeal is appropriate only in "extraordinary cases" in which early appellate review might avoid "protracted and expensive litigation." *Lynn*, 953 F.Supp.2d at 626 (quoting *Abortion Rights Mobilization, Inc. v. Regan*, 552 F. Supp. 364, 366 (S.D.N.Y. 1982)); *see also Clark Constr. Grp., Inc. v. Allglass Sys., Inc.*, DKC-02-1590, 2005 WL 736606, at *4 (D. Md. Mar. 30, 2005) ("Generally, this requirement is met when resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation."). "In determining whether certification will materially advance the ultimate termination of the litigation, a district court should consider whether an immediate appeal would '(1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly.'" *Coal. for Equity*, 2015 WL 4040425, at *6 (quoting *Lynn*, 953 F. Supp. 2d at 626).

### III.    *Analysis*

Plaintiffs fail to present extraordinary circumstances justifying this Court's certification of an interlocutory appeal because Plaintiffs do not identify a controlling question of law, and an appeal would not materially advance the termination of this litigation. Because all three factors justifying an interlocutory appeal must be present before a court can consider whether certification is appropriate, this Court need not reach the more involved question of whether there is a substantial ground for difference of opinion regarding the lawfulness of the hardwiring amendment. Accordingly, the Court will deny Plaintiffs' motion for an amendment to this Court's Memorandum on Summary Judgment that certifies an interlocutory appeal.

5

## A. Controlling Question of Law

The parties' disagreement regarding the hardwiring amendment's permissibility under ERISA does not present a controlling question of law because it implicates factual disputes, and its resolution would not meaningfully save time or expense for the litigants.

First, the question Plaintiffs seek to certify cannot be classified as the "meaning of a statutory or constitutional provision, regulation, or common law doctrine," which are quintessential controlling questions of law. *See Butler*, 307 F.R.D. at 452. A court cannot definitively decide whether the hardwiring amendment violates ERISA without delving into factual disputes, such as the Plan's drafters' intent as to the meaning of the hardwiring amendment. *See Atalla v. Abdul-Baki*, 976 F.2d 189, 192 (4th Cir. 1992) (quoting *Bear Brand Hosiery Co. v. Tights, Inc.*, 605 F.2d 723, 726 (4th Cir. 1979)) (emphasis added) (explaining that, in ascertaining the meaning of a writing, "'[i]f there is more than one permissible inference as to intent to be drawn from the language employed, the question of the parties' actual intention is a triable *issue of fact*'"). In arguing that interlocutory appeal is warranted, Plaintiffs themselves urge the Court to consider evidence regarding the intent of the Plan's drafters. (*See* Mot. Amend Mem. Supp. at 10 (emphasis added) (arguing that the Court should consider "evidence regarding the *context and intent* of the challenged [hardwiring] provision").)

In their motion, Plaintiffs do not address the factual disputes woven into the analysis of the hardwiring amendment, but simply argue that there is a controlling question of law because (1) if the Fourth Circuit were to agree with Plaintiffs, "the denial of Plaintiffs' motion for reconsideration would be reversed," and (2) "reversal at this stage would save time for this Court and time and expense for the litigants." (*See* Mot. Amend Mem. Supp. at 6.) These arguments, however, are insufficient to establish that Plaintiffs' challenge to the hardwiring amendment's validity under

ERISA presents a controlling question of law. There is no reason to conclude—and Plaintiffs do not even allege—that resolving this question in favor of either party would "be completely dispositive of the litigation." *See Fannin*, 1989 WL 42583, at \*5. Even if the Fourth Circuit were to agree with Plaintiffs and hold that the hardwiring amendment violates ERISA, that would not resolve the major dispute in this case—whether the trustees are liable for independently breaching ERISA's duties of loyalty and prudence. (*See* Second Am. Compl.)

Further, there is no reason for the Court to conclude that an interlocutory appeal would save time for all of the parties in this case. On the contrary, briefing this singular issue for appeal—while also preparing for a rapidly approaching trial concerning the various other issues in this complex lawsuit—would require heavy investments of time and money on the part of both sides' attorneys. Accordingly, Plaintiffs do not pose a controlling question of law, and this alone prevents the Court from taking the extraordinary step of certifying an interlocutory appeal.

### B. Materially Advance the Termination of Litigation

Further, the question as to whether the hardwiring amendment violates § 1110(a) of ERISA affects only part of one claim in a large multi-claim, multi-party, and multi-year lawsuit. As discussed in the context of the controlling question of law analysis, definitively resolving the question of whether the hardwiring amendment violates ERISA would not necessarily terminate a single claim in—let alone expedite the resolution of—this lawsuit. *See In re Smith & Nephew Birmingham Hip Resurfacing Hip Implant Prods. Liab. Litig.*, CCB-17-2775, 2019 WL 6345746, at \*3 (D. Md. Nov. 26, 2019) (declining to certify an issue for interlocutory appeal when, "[a]lthough a resolution in [the defendant's] favor may result in the dismissal of several of the plaintiffs' claims . . . a number of claims, including nearly all of the negligence claims, would remain"). Courts often decline to grant interlocutory appeals when a trial would still be required

regardless of the outcome of the appeal. *See, e.g., Clark Constr.*, 2005 WL 736606, at *4 (denying interlocutory appeal when there was a controlling question of law with a substantial ground for difference of opinion, but an appeal would not materially advance the termination of the litigation because "a favorable ruling for Defendants on appeal would not eliminate the need for a trial").

Additionally, material advancement of a case through interlocutory appeal is more likely to occur at earlier stages in the litigation, when resolving a question on interlocutory appeal can obviate the need for a lengthy or costly discovery process. *See, e.g., Est. of Giron Alvarez v. Johns Hopkins Univ.*, TDC-15-0950, 2019 WL 1779339, at *2 (D. Md. Apr. 23, 2019) (finding the material advancement requirement satisfied when "expert discovery is ongoing, discovery issues remain, and discovery motions remain to be resolved," and "[g]oing forward, the parties have signaled that extensive pre-trial dispositive motions will be filed"). In contrast, this case's extensive discovery period has already closed, and the case is slated to go to trial in about two months. In short, an interlocutory appeal—regardless of its substantive outcome—would not materially advance the termination of this case because it would not remove the need for discovery, dispositive motions, or ultimately, a trial.

## IV.    *Conclusion*

For the foregoing reasons, Plaintiffs' Motion to Amend this Court's prior Memorandum to certify an interlocutory appeal (ECF No. 213) is hereby DENIED.

DATED this ___/___ day of July, 2021.

BY THE COURT:

_____

James K. Bredar
Chief Judge