IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID G. FEINBERG, et al., and all         *
others similarly situated,

                                  *

     Plaintiff,

     v.                           *

                                               **CIVIL NO. JKB-17-00427**

T. ROWE PRICE GROUP, INC., et al.,     *

     Defendants.                 *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, THE FORM AND MANNER OF CLASS NOTICE, MODIFICATION OF CLASS DEFINITION, SUBSTITUTION OF CLASS COUNSEL, AND SCHEDULING OF A FAIRNESS HEARING

Currently before the Court is Plaintiffs' motion for preliminary approval of class action

settlement, the form and manner of class notice, modification of class definition, substitution of

class counsel, and scheduling of a fairness hearing. This class action ("Action") alleges breaches

of fiduciary duties and prohibited transactions in violation of the Employee Retirement Income

Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, with respect to the T.

Rowe Price U.S. Retirement Program ("Plan"). Plaintiffs allege that Defendants violated their

ERISA duties through their management, operation, and administration of the Plan. Defendants

deny these allegations.

The Court has considered the proposed Settlement, (ECF No. 234-4), as well as Plaintiffs'

proposed Plan of Allocation, (ECF No. 234-5).[1] The Settlement terms are set forth in a Class

---

[1] For purposes of this Order, if not defined herein, capitalized terms have the definitions used in the Settlement Agreement, which is incorporated by reference.

Action Settlement Agreement ("Settlement Agreement") agreed to on December 16, 2021. The

Settlement terms provide the following relief to the Class: (i) Defendants are to pay seven million

dollars to be distributed to the Class pursuant to the proposed Plan of Allocation, and (ii)

Defendants will include a Brokerage Window feature in the Plan, allowing Plan participants, for

the first time, to invest in non-proprietary investment funds. In addition, the initiation of the Action

provided the catalyst for Defendants' Special Payment of $6.6 million distributed to many Class

members in January 2019.

Pursuant to Plaintiffs' Motion for Preliminary Approval, and having reviewed the

Settlement Agreement and the accompanying and supporting papers, it is **ORDERED** as follows:

1.      **Jurisdiction**: The Court has jurisdiction over the subject matter of this Action and

over all Parties, including all Class members.

2.      **Class Certification:** The Court previously certified the Action as a class action

with a class defined as follows:

> All participants in the T. Rowe Price U.S. Retirement Program who had a balance
> in their plan account at any time from February 14, 2011 through the date of
> judgment. Any individual Defendants, any members of the T. Rowe Price Board of
> Directors, the Management Committee, the Management Compensation
> Committee, and their beneficiaries and immediate families are excluded from the
> class.

(ECF No. 83). The Action was certified under Fed. R. Civ. P. 23(b)(1) and therefore is a non-opt-

out class action. The Court appointed the following Named Plaintiffs as Class Representatives:

Michelle Bourque, James Collins, David G. Feinberg, Daniel Fialkoff, Thomas Henry, Jitesh Jani,

Sital Jani, Daniel Newman, Farrah Qureshi, Maria Stanton, and Regina Widderich. Pursuant to

Federal Rule of Civil Procedure 23(g), the Court appointed J. Brian McTigue and James Moore of

McTigue Law LLP and Karen Handorf and Scott Lempert of Cohen Milstein Sellers & Toll PLLC

("CMST") as Class Counsel and Adam Farra of the latter law firm as local/liaison counsel. (Mr.

2

Farra was subsequently replaced by Douglas J. McNamara of Cohen Milstein Sellers & Toll PLLC as local/liaison counsel).

3. **Modification of Class Definition and Substitution of Class Counsel.** The Parties have agreed and the Court so orders that, due to the practicalities of needing to have a determinate class to which to send the Class Notice, the aforementioned class definition is modified, so that the words "through the date of judgment" are replaced with "through the date of entry of the order preliminarily approving the settlement" (i.e., this Order). The Parties are also agreed that all those with a balance in the Plan during the Class Period, including beneficiaries, should be considered class members. Therefore the words "and beneficiaries" will be inserted after the words "All participants." The class as defined with the modified definition is referred to herein as the "Class." In addition, attorney Karen Handorf has withdrawn from the Action, and another partner at CMST, Mary J. Bortscheller, has appeared in the Action. The Court further modifies its previous class certification order (Dkt. No. 83) to substitute Mary J. Bortscheller for Karen Handorf.

4. Because this Action is certified as a non-opt-out class action, Class members shall be bound by any judgment concerning the Settlement in this Action.

5. **Preliminary Findings Regarding Proposed Settlement:** The Settlement is hereby PRELIMINARILY APPROVED, as the Court preliminarily finds that:

A. The proposed Settlement resulted from arm's-length negotiations under the supervision of Magistrate Judge A. David Copperthite of this Court as well as private mediation through JAMS and its mediator Robert Meyer;

B. The Settlement Agreement was executed only after the Parties engaged in intensive litigation for over four years, including extensive fact and expert discovery, and there were numerous decisions on discovery and dispositive motions;

3

C.      Class Counsel has concluded that the Settlement Agreement is fair, reasonable, and adequate; and

D.      The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Class.

E.      Pending receipt of the detailed petition for Attorneys' Fees and Expenses prior to the Fairness Hearing referenced in Paragraph 15 below, the proposed Attorneys' Fees and Expenses are sufficiently reasonable and appropriate to warrant sending notice of the Settlement to the Class. The Settlement Agreement provides that Class Counsel may seek up to $3.5 million in attorneys' fees from the Gross Settlement Fund. This constitutes approximately 26% of the $13.6 million monetary value to be paid by Defendants—the $7 million Gross Settlement Amount and the $6.6 million Special Payment.[2] If the Court adds to this amount the estimated $545,000 in projected expenses, the Attorneys' Fees and Expenses will constitute approximately 30% of the total monetary benefit to the Class. The Court preliminary finds that this is appropriate, given the complexity of the case and given that this percentage is in line with prior ERISA cases.[3] *See Kelly v. Johns Hopkins Univ.*, Civ. No. 1:16-CV-2835-GLR, 2020 WL 434473, at *3 (D. Md. Jan. 28, 2020) (explaining that "[c]ontingent fees of up to one-third are common in this circuit" and that

---

[2]      Class Counsel explains that an $18 million total monetary benefit could accrue to the Class through the Settlement, calculated by adding the Gross Settlement Amount ($7 million) to the appreciated value of the $6.6 million Special Payment ($11 million). The Court finds it appropriate to include the Special Payment in the calculation, as the parties agree that the filing of the Complaint was a catalyst for the Special Payment. (ECF No. 234-4, at 20.) However, the Court finds it appropriate to calculate the total monetary benefit that could accrue to the Class based on the initial value of the Special Payment, rather than its appreciated value.

[3]      The Court notes, as indicated in the footnote above, that there are various methods of calculating the monetary benefit of the Settlement to the Class. If the Court considered only the $7 million Gross Settlement Amount, the requested Attorneys' Fees and Expenses would constitute over half of the monetary benefit to the Class. This would cause the Court to have concerns about the propriety of an award of Attorneys' Fees and Expenses at the high end of the requested range.

[i]n similar ERISA excessive fee cases . . . district courts have consistently recognized that a one-third fee is the market rate").

      F.     The proposed Class Representative Service Awards are likewise sufficiently reasonable and appropriate to warrant sending notice of the Settlement to the Class. The requested award of up to $15,000 to each of the eleven Class Representatives is in line with prior awards approved in this Circuit. *See id.* at 7–8 (approving $20,000 service awards to each of eight class representatives in an ERISA case).

      6.     **Fairness Hearing:**  A hearing is scheduled at the United States District Court for the District of Maryland, the Honorable Judge James K. Bredar presiding, at 9:30 a.m. on May 24, 2022 (the "Fairness Hearing") to determine, among other issues:

      A.     Whether the Settlement should be approved as fair, reasonable, and adequate;

      B.     Whether the notice, publication of the notice, and notice methodology were performed as directed by this Court;

      C.     Whether the motion for attorneys' fees and expenses to be filed by Class Counsel should be approved;

      D.     Whether the amount of Service Awards to the Class Representatives should be approved; and

      E.     Whether the Administrative Expenses to administer the settlement specified in the Settlement Agreement and requested by the Parties should be approved for payment from the Gross Settlement Amount.

      7.     **Establishment of Qualified Settlement Fund:**  A settlement fund is agreed to by the Parties in the Settlement Agreement and is hereby authorized and shall be known as the T.

Rowe Price U.S. Retirement Program Litigation Settlement Fund (the "Settlement Fund" or "Gross Settlement Amount"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. Upon final approval of the Settlement, the Settlement Fund shall consist of $7,000,000 (seven million dollars) and any return thereon. The Settlement Fund shall be administered as follows:

      A.     The Settlement Fund is authorized exclusively for the purposes of: (a) making distributions to Class Representatives and the Class specified in the Settlement Agreement; (b) making payments for all settlement administration and notice expenses; (c) making payments of all Attorneys' Fees and Expenses to Class Counsel as awarded by the Court in this Action; and (d) payment of applicable taxes, all in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the Settlement Effective Date.

      B.     Subject to the provisions of the Settlement Agreement, Defendants shall cause $7,000,000 to be deposited into the Settlement Fund.

      C.     Defendants shall have no withholding, reporting, or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified herein. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause $7,000,000 to be deposited into the Settlement Fund; and (2) their agreement, as specifically set forth in the Settlement Agreement, to

provide certain information to facilitate distribution of the Settlement proceeds by the Settlement Administrator.

   D. The oversight of the Settlement Fund is the responsibility of the Settlement Administrator. The status and powers of the Settlement Administrator are as defined by this Order and in the Settlement Agreement.

   E. The $7,000,000 that Defendants will deposit into the Settlement Fund pursuant to the Settlement Agreement, and all income generated on the amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any person. Except as described in the Settlement Agreement, once the Settlement Effective Date occurs and the Settlement Fund vests, it is irrevocable during its term and Defendants will have divested themselves of all right, title, or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following Court approval, such approval is reversed or modified), the Parties shall be restored to their respective positions as of July 22, 2021; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this case or in any proceeding for any purpose; and the Settlement Fund and income earned thereon shall immediately be returned to Defendants, except that income may be applied to offset Administrative Expenses (as defined in the Settlement Agreement) incurred prior to such time.

   F. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

G.     The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with § 6 of the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all amounts have been paid by the Settlement Fund.

H.     The Settlement Fund shall be used to make payments to Class members under the Plan of Allocation submitted by Plaintiffs. Payments to individuals outside of the Plan are subject to tax withholding as required by law and as described in the Class Notice and its attachments unless directly rolled over into a tax-sheltered account.  In addition, all Class Representatives' and Named Plaintiffs' Service Awards, all Administrative Expenses, and all Attorneys' Fees and Expenses of Class Counsel shall be paid from the Settlement Fund.

I.      The Court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, pursuant to the Settlement Agreement, determine, withhold, and pay over to the appropriate tax authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

8

J.      The Settlement Administrator, in its discretion, may request expedited review and decision by the Internal Revenue Service or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions.

K.      The Settlement Administrator shall have all the necessary powers and take all necessary ministerial steps to effectuate the terms of the Settlement Agreement and Plan of Allocation, including the payment of all distributions. Such powers include investing, allocating, and distributing the Settlement Fund, and in general supervising the implementation of the Settlement Agreement and Plan of Allocation in accordance with their terms and this Order.

L.      The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements, and other transactions of the Settlement Fund. All accounts, books, and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund; and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may issue.

M.      The Settlement Administrator may establish protective conditions concerning the disclosure of information it maintains if publication of such information would

9

violate any law, including rights to privacy. Any person entitled to such information and who is denied access to the Settlement Fund's records may submit a request to the Court for such information. However, the Settlement Administrator shall supply such information to any claimant as may be reasonably necessary to allow him or her to accurately determine his or her federal, state, and local tax liabilities. Such information shall be supplied in the form and manner prescribed by relevant law.

N.     This Order will bind any successor Settlement Administrator. The successor Settlement Administrator(s) shall have, without further act on the part of anyone, all the duties, powers, functions, immunities, and discretion granted to the original Settlement Administrator. Any Settlement Administrator(s) who is replaced (by reason other than death) shall execute all instruments, and do all acts, that may be necessary or that may be ordered or requested in writing by the Court or by any successor Settlement Administrator(s), to transfer administrative powers over the Settlement Fund to the successor Settlement Administrator(s). The appointment of a successor Settlement Administrator(s), if any, shall not under any circumstances require any Defendant to make any further payment of any nature into the Settlement Fund or otherwise.

8.     **Class Notice:** The Parties have presented to the Court a proposed form of Class Notice (ECF No. 234-7).[4]

A.     The Court finds that the proposed form of Class Notice and website referenced therein fairly and adequately:

     i.     Describe the terms and effect of the Settlement Agreement and of the Settlement;

     ii.     Notify the Class concerning the proposed Plan of Allocation;

---

[4]     The proposed form of Class Notice includes several placeholders, many of which are dependent on the dates set in this Order.  The Court expects that the Class Notice will conform with this Order.

iii.   Notify the Class that Class Counsel will seek Service Awards from the Settlement Fund for the Class Representatives, and Attorneys' Fees and Expenses;

iv.   Notify the Class that Administrative Expenses related to the implementation of the Settlement will be paid from the Settlement Fund;

v.   Give notice to the Class of the time and place of the Fairness Hearing; and

vi.   Describe how the recipients of the Class Notice may object to any of the relief requested and the rights of the Parties to discovery concerning such objections.

B.   The Parties have proposed the following manner of communicating the notice to members of the Class, and the Court finds that such proposed manner is appropriate notice under the circumstances, and directs that the Settlement Administrator shall, by no later than sixty days before the Fairness Hearing, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be either (i) mailed, by first-class mail, postage prepaid, to the last known address of each member of the Class it identifies, or (ii) emailed to any Class member whose email address has been provided to the Settlement Administrator by the Plan's Recordkeeper or is otherwise known by the Settlement Administrator. The names, email addresses, last-known addresses, and Social Security numbers or other unique identifiers obtained by the Settlement Administrator pursuant to the terms of the Settlement Agreement shall be safeguarded by the Settlement Administrator and used solely for the purpose of providing notice of this Settlement and as required for purposes of tax withholding and reporting.

11

C.      For any Class Notice returned as undeliverable (whether sent via first-class mail or email), the Settlement Administrator shall utilize information it has obtained from the Plan's Recordkeeper to attempt to determine the current address of the Class Member and shall mail notice to that address via first-class mail.

D.      At or before the Fairness Hearing, Class Counsel or the Settlement Administrator shall file with the Court a proof of timely compliance with the foregoing requirements.

E.      The Court directs Class Counsel, no later than sixty days before the Fairness Hearing, to publish the Class Notice on the website identified in the Class Notice.

9.      **Objections to Settlement:** Any member of the Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and expenses, or to any request for compensation for the Class Representatives must file an Objection in the manner set out in this Order.

A.      A member of the Class wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and expenses, or to any request for Service Awards for the Class Representatives must do the following: (1) file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention; and (2) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the Parties are as follows:

12

Clerk of the Court
U.S. District Court for the District of Maryland
101 W. Lombard St.
Baltimore, MD 21201

**MCTIGUE LAW LLP**
Attn: J. Brian McTigue
4530 Wisconsin Avenue NW
Suite 300
Washington, DC 20016

**COHEN MILSTEIN SELLERS & TOLL, PLLC**
Attn: Mary J. Bortscheller
1100 New York Avenue N.W.
Suite 500 West
Washington, DC 20005

**O'MELVENY & MYERS LLP**
Attn: Brian D. Boyle
1625 Eye Street NW
Washington, DC 20006

B.      The objector or his, her, or its counsel (if any) must serve copies of the objection(s) on the attorneys listed above and file it with the Court no later than twenty-eight days before the date of the Fairness Hearing.

C.      If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must serve a notice of appearance on the attorneys listed above and file it with the Court by no later than twenty-eight days before the date of the Fairness Hearing.

D.      Failure to serve objection(s) on either the Court or the Parties' counsel shall constitute a waiver of the objection(s). Any Class member or other Person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

13

E.    Any Party may serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector within ten days of receipt of the objection and require that any responses to discovery or depositions be completed within ten days of the request being served on the objector.

F.    Class Counsel may file a response to an objection, and serve the response on all Parties, no later than seven days before the Fairness Hearing.

10.    **Appearance at Fairness Hearing:** Any objector who files and serves a timely, written objection in accordance with the terms of this Order as set out in Paragraph 10 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defense Counsel (at the addresses set out above) and file it with the Court by no later than ten days before the date of the Fairness Hearing. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to speak in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

11.    **Service of Papers:** Defense Counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession unless such objection has already been entered on the docket.

12.    **Termination of Settlement:** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing on July 22, 2021, if the Settlement is terminated in accordance with the Settlement Agreement.

13.   **Use of Order:** This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any named plaintiff, Class Representative, or the Class that their claims lack merit, or that the relief requested in the Class Action is inappropriate, improper, or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have.

14.   **Parallel Proceedings:** Pending final determination of whether the Settlement Agreement should be approved, every Class Member is prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, or the Plan.

15.   **Motion in Support of Final Settlement Approval, Application for Fee, Expense and Service Awards:** The motion in support of final approval of the Settlement and related relief shall be filed with the Court and served on all counsel of record at least forty-five calendar days prior to the Fairness Hearing. Further, any application by Class Counsel for attorneys' fees and reimbursement of litigation expenses and Service Awards for Class Representatives, and all papers in support thereof, shall be filed with the Court and served on all counsel of record at least forty-five calendar days prior to the Fairness Hearing. Copies of such materials shall be made available on the website identified in the Class Notice.

15

16.     **Supplemental Briefs:** Any supplemental brief filed by Class Counsel regarding the Settlement shall be filed with the Court at least seven calendar days prior to the Fairness Hearing.

17.     **Continuance of Hearing:** The Court may continue the Fairness Hearing in its discretion without direct notice to the Class, other than by notice to Class Counsel and Defense Counsel, and any Class member wishing to appear should check the Court's docket or call the Clerk's office three days before the scheduled date of the Fairness Hearing.

**IT IS SO ORDERED.**

Dated: ⟨/an 14⟩ , 2022

Hon. James K. Bredar
Chief United States District Judge