**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| DAVID G. FEINBERG, et al., and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br>T. ROWE PRICE GROUP, INC., et al.,<br><br>Defendants. | Case No. 1:17-cv-00427-JKB |

**DECLARATION OF SARA SCHWERMER-SWEEN
REGARDING CLASS NOTICE DISTRIBUTION AND SETTLEMENT
ADMINISTRATIVE ACTIVITIES COMPLETED AS OF APRIL 3, 2022**

I, Sara Schwermer-Sween, declare as follows:

1. I am Senior Project Manager at Rust Consulting, Inc. ("Rust"), a nationally-recognized firm that has extensive experience with all aspects of legal administration and has administered settlements in more than 7,500 class action cases. I have experience in all areas of settlement administration including notification, claims processing (including calculation of class member settlement distributions) and the distribution of settlement funds.

2. Rust is serving as the Settlement Administrator ("Administrator") in the above Action[1] pursuant to the Settlement Agreement and the Order Preliminarily Approving the Settlement entered January 18, 2022. I am responsible for supervising the services provided by Rust with respect to this settlement. I have personal knowledge of the facts stated herein.

3. I submit this Declaration to inform parties and the Court of settlement administration activities completed to date. This Declaration describes: (i) mailing of the Class

---

[1] Capitalized terms not defined herein are defined in the Settlement Agreement and Order.

Action Settlement Notice to identified Class Members, (ii) receipt, tracing and re-mailing of undeliverable Notices, (iii) information concerning the Settlement's website, (iv) information concerning the Settlement's toll-free number, (v) receipt of Objections and (vi) settlement administration fees.

## DISSEMINATION OF CLASS NOTICE

4. Rust received 14 separate spreadsheets of quarterly balance data over more than 10 years produced by T. Rowe Price to enable Rust to develop a Class member mailing list. After processing to identify all and only unique class members and remove those excluded from the Class, such as the named Defendants, the Class member mailing list contained 16,217 individual records ("Class List"). This list included both physical and, in many cases, email addresses for Class members.

5. For those who had no email address, Rust updated the physical address information contained in the Class List using data from the National Change of Address database maintained by the United States Postal Service ("USPS"). This process updates addresses for individuals who have moved within the last four years and who filed a change of address card with the USPS.

6. On March 25, 2022, Rust caused the Class Notice to be distributed to all those on the Class List: 13,701 were emailed the Class Notice and 2,516 were mailed physical copies of the Class Notice via USPS first class regular mail. A true and correct copy of the Class Notice sent is attached hereto as **Exhibit A**.

## UNDELIVERABLE NOTICES AND NOTICE REQUESTS

7. As of the date of this Declaration, 1,908 email notices were returned as undeliverable. Rust has completed mailing of the notices to physical addresses as of the date of

2

this declaration. Rust has tracked 59 of the Class Notices only mailed to physical addresses that have been returned to Rust as undeliverable. In response, Rust has forwarded two Class Notices to a new address provided by the USPS and re-mailed 48 Class Notices following research for alternative addresses using the TransUnion Consumer skip tracing service. As of the date of this Declaration, nine Class Notices remain undeliverable, resulting in a 99.9% delivery success rate.

## **WEBSITE**

8.     On March 24, 2022, Rust established a dedicated Settlement website (www.trp401ksettlement.com) which hosts copies of the Second Amended Complaint, Settlement Agreement and the amendment thereto, Proposed Plan of Allocation, Order Granting Preliminary Approval in the amendment thereto, Class Notice, and Memorandum Opinion Denying the Parties' Motions for Summary Judgment.  Website also includes answers to frequently asked questions about the Settlement, and provides administrator contact information via mail or telephone. As of the date of this Declaration, the settlement website tracked 2,674 unique visitor views.

## **TOLL-FREE NUMBER**

9.     On March 24, 2022, Rust established a toll-free telephone number (1-888-261-9752) with an interactive voice response system that Class Members can use to obtain more information about the Settlement. Class Members can also be transferred to live representatives to ask questions. If Class Member inquiries require more informed responses than live representatives can provide, they are forwarded to Class Counsel.  As of the date of this Declaration, Rust had received a total of eight telephone calls on the toll-free number, five of which have been transferred to live representatives.  None of the calls have required referrals to Class Counsel for further discussion.

## **OBJECTIONS**

10.     The Class Notice informed recipients that any Class Member who wanted to object to the Settlement could do so by submitting a written statement to the Court, Class Counsel and Defendants' Counsel so that it is received by no later than April 26, 2022.  As of the date of this Declaration, Rust has not received any objections from Class members to the Settlement.

## **SETTLEMENT ADMINISTRATION FEES**

11.     Rust's estimated fees and expenses for its administration of this settlement are $70,980.  This covers all settlement administration services performed to date and settlement administration activities remaining, including implementation of the Plan of Allocation to determine the settlement amount to be provided to each eligible Class member depending on their respective Challenged Funds holdings during the Class Period.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of April, 2022 in Minneapolis, Minnesota.

Sara Schwermer-Sween<br>
Senior Project Manager<br>
Rust Consulting, Inc.

# Exhibit A

T ROWE PRICE 401k PLAN
C/O RUST CONSULTING INC – 7546
PO BOX 2396
FARIBAULT MN 55021-9096

## IMPORTANT LEGAL MATERIALS

\*BARCODE39\* - UAA - <<SequenceNo>>

<<Name1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address1>>
<<Address2>>
<<Address3>>
<<City>> <<State>> <<Zip10>>
<<CountryName>>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| DAVID G. FEINBERG, et al., and all others similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>T. ROWE PRICE GROUP, INC., et al.,<br><br>        Defendants. | Case No. 1:17-cv-00427-JKB |

**NOTICE OF PROPOSED SETTLEMENT**
**OF CLASS ACTION LAWSUIT AND SETTLEMENT FAIRNESS HEARING**

**Your legal rights will be affected if you are a member of the following class of persons and the proposed Settlement is approved:**

All participants and beneficiaries in the T. Rowe Price U.S. Retirement Program ("Plan") who had a balance in their Plan account at any time from February 14, 2011 through January 18, 2022 (the "Class Period"). (Excluded from the class are individual Defendants, members of the T. Rowe Price Board of Directors, the Management Committee, the Management Compensation Committee, and their beneficiaries and immediate families.)

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY. THE COURT PROCEEDINGS DESCRIBED IN THIS NOTICE WILL AFFECT YOUR RIGHTS IF YOU ARE A MEMBER OF THE CLASS**

This Notice contains summary information with respect to the Settlement of a class action lawsuit. The terms and conditions of the Settlement are set forth in the Class Action Settlement Agreement ("Settlement Agreement"). The Settlement Agreement, and additional information about the lawsuit and the Settlement, are available on the Settlement Website www.TRP401kSettlement.com or from Class Counsel, who are listed on page 7 below. Any amendments to the Settlement Agreement and other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement or other matters described in this notice.

The United States District Court for the District of Maryland ("Court") has given its preliminary approval to a proposed settlement ("Settlement") of a class action lawsuit brought by certain participants in the Plan against T. Rowe Price Group, Inc., and related individuals and entities (listed below). The Court has also preliminarily approved the Plan of Allocation that specifies how the Settlement monies will be distributed to Class members. The lawsuit alleges violations of the Employee Retirement Income Security Act ("ERISA"), a federal law governing employee retirement plans such as the Plan, relating to the use of T. Rowe Price's own funds in the Plan.

The Settlement will provide the following relief to the Class: (i) Defendants' payment of seven million dollars ($7,000,000), the net amount of which is to be distributed to the Class, and (ii) as is further discussed below, the addition of a Brokerage

Window feature to the Plan that will allow participants, for the first time, to invest in a wide range of non-T. Rowe Price investment funds. The Court has also found that the initiation of the Action served as the catalyst for Defendants' payment of $6.6 million (the "Special Payment") to many Class members in January 2019.

Your rights and options—and the deadlines to exercise them—are explained in this Settlement Notice.

The Court has not yet given its final approval to the Settlement or the Plan of Allocation. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

A hearing on the final approval of the Settlement and for approval of Plaintiffs' petition for Attorneys Fees and Expenses and for the Class Representatives' Service Awards ("Fairness Hearing") will take place on May 24, 2022, at 9:30 AM before Chief U.S. District Court Judge James K. Bredar at the U.S. District Court for the District of Maryland, Courtroom 5A, 101 W. Lombard St., Baltimore, MD 21201. If finally approved, the Settlement will legally bind you as a member of the Class.

You may appear at the Fairness Hearing and/or object to the Settlement if you wish. Any objections to the Settlement, to the petition for Attorneys Fees and Expenses, or to Class Representatives' Service Awards must be served in writing on the Court and on Class Counsel and on Defendants' Counsel, as identified on page 7 of this Notice. More information about the hearing and how to object is provided on page 7 of this Notice.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE CLASS TO WHOM THIS NOTICE IS ADDRESSED AND THE SETTLEMENT IS APPROVED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU DO NOT NEED TO APPEAR IN COURT, AND YOU DO NOT NEED TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU DO NOT NEED TO DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT UNDER THE PROCEDURES DESCRIBED BELOW.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **YOU DO NOT NEED TO DO ANYTHING TO PARTICIPATE IN THE SETTLEMENT** | If the Settlement is approved by the Court and you are a member of the Class, you do not need to do anything to receive a payment. |
| | If you are entitled to receive a payment under the Settlement and our records indicate you have an active account in the Plan when those payments are made, the Plan's recordkeeper will allocate the payment into your Plan account in the manner you have already designated for Plan contributions without your taking further action. If you are entitled to receive a payment under the Settlement and our records indicate you do not have an active account in the Plan as of the date payments are made, your allocated amount will be paid directly to you by check (subject to tax withholding). |
| **YOU CAN OBJECT (NO LATER THAN April 26, 2022)** | If you wish to object to any part of the Settlement, you must (as discussed in section 12 below) write to the Court and counsel about why you object to the Settlement. The Court has authorized the parties to seek discovery, including the production of documents and appearance at a deposition, from any person who files an objection. |
| **YOU CAN ATTEND A HEARING ON May 24, 2022** | You may attend the Court hearing about the Settlement, but you will not be permitted to address the Court at the hearing if you do not notify the Court and Plaintiffs' and Defendants' Counsel (as discussed in section 15 below) of your intention to speak at the hearing, in person or through counsel of your own choosing and expense, by May 14, 2022. |

## SUMMARY OF THE LAWSUIT

This lawsuit is called *Feinberg, et al. v. T. Rowe Price Group, Inc., et al.*, No. 1:17-cv-427-JKB (the "Class Action"). The Court supervising the case is the United States District Court for the District of Maryland. The individuals who brought this suit are called Plaintiffs, and the individuals and entities they sued are called Defendants. The Plaintiffs are current and former participants in the Plan, and have been appointed by the Court as Class Representatives to represent the interests of the Class. The Defendants are (i) T. Rowe Price Group, Inc.; (ii) T. Rowe Price Associates, Inc.; (iii) T. Rowe Price Trust Company; (iv) the T. Rowe Price Group, Inc. Management Committee; (v) the T. Rowe Price Group, Inc. Management Compensation Committee; (vi) the T. Rowe Price Group, Inc. Board of Directors, and (vii) Preston Athey, Steve Banks, Cynthia Crocker, Celine Dufetel, Eric Gee, Michael McGonigle, Kenneth Moreland, Larry Puglia, and Meredith Stewart

(each of whom served as a Trustee of the Plan). The Class Representatives' claims are described below, and additional information about their claims, including copies of the Amended Complaint and relevant Court Orders, are available at www.TRP401kSettlement.com.

## SUMMARY OF THE SETTLEMENT

The Settlement was reached on December 16, 2021. For a period of more than four years after this Action was filed in 2017, the Parties vigorously litigated the case. In 2021, the Parties participated in a settlement conference before a Court-appointed mediator, U.S. Magistrate Judge A. David Copperthite of the U.S. District Court for the District of Maryland. Following negotiation and additional mediation supervised by a private mediator, the Parties were able to agree to the terms of the Settlement.

If the Settlement is approved, a Qualified Settlement Fund of $7,000,000 will be established. The Net Settlement Amount is $7,000,000 minus any Administrative Expenses, taxes, tax expenses, any Court-approved Attorneys Fees and Expenses, any Court-approved Class Representatives' Service Awards, and other approved expenses of the litigation. The Net Settlement Amount will be allocated to Class members according to a Plan of Allocation to be approved by the Court.

The Settlement also provides that within six months of the Settlement's effective date Defendants will add a Brokerage Window feature to the Plan, as further discussed below.

## STATEMENT OF ATTORNEYS FEES AND EXPENSES SOUGHT IN THE CLASS ACTION

Since 2017, Class Counsel have devoted many hours to this Class Action, including investigating potential claims, drafting pleadings, motion practice, taking depositions of defendants and their experts, defending depositions of the Class Representatives and their experts, reviewing over 110,000 pages of documents produced by Defendants, and negotiating the proposed settlement. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of their expenses incurred in bringing and litigating this lawsuit for almost five years.

Class Counsel will apply to the Court for payment of Attorneys Fees and reimbursement of Expenses for their work in the lawsuit. The amount of attorneys fees that Class Counsel will request will not exceed $3.5 million, and Class Counsel estimate their request for reimbursement of expenses of pursuing this action will be approximately $565,000. (Much of the expenses constitute payments for the work of the three testifying experts who were crucial to Plaintiffs' case). Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund; interest, if any, will be added to the amount paid to the Class. Any Attorneys Fees and Expenses awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund.

As is customary in class action cases in which the Class Representatives have volunteered to spend time and effort on the litigation to represent the Class, Class Counsel will also ask the Court to approve Service Awards not to exceed $15,000 for each of the eleven Class Representatives who took on the risk of litigation, possible career repercussions, and committed to spend the time necessary to bring the case to conclusion. Their activities included assisting in the factual investigation of the case by searching for and producing documents, attending the settlement conference, providing answers to written questions, and being deposed by defense counsel. Any Class Representatives' Service Awards approved by the Court will be paid from the Qualified Settlement Fund.

A full application for Attorneys Fees and Expenses and for Class Representatives' Service Awards will be filed with the Court and made available on the Settlement Website, www.TRP401kSettlement.com.

| 1. Why Did I Receive This Settlement Notice? |
|---|

The Court caused this Settlement Notice to be sent to you because the Plan's records indicate that you may be a Class member. If you fall within the definition of the Class, you have a right to know about the Settlement and about the options available to you before the Court decides whether to finally approve the Settlement.

| 2. What Is This Class Action Lawsuit About? |
|---|

This lawsuit began in February 2017 when the first complaint was filed against Defendants. The Class Representatives assert claims on behalf of the Plan's participants and their beneficiaries. They allege that, during the Class Period (February 14, 2011 through January 18, 2022), Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq., with respect to their management, operation, and administration of the Plan. The Class Representatives alleged that Defendants were fiduciaries of the Plan and they breached fiduciary duties under federal pension

law owed to the Plan's participants by, among other things, offering in the Plan solely T. Rowe Price proprietary funds whose fees were paid to T. Rowe Price at the expense of Plan participants. The Class Representatives allege that Defendants did this despite knowing that in many cases there were non-proprietary funds with lower fees and better performance. The Class Representatives also allege that Defendants engaged in self-dealing transactions prohibited by ERISA by causing T. Rowe Price, a party-in-interest with respect to the Plan, to collect fees on the proprietary funds offered in the Plan.

Defendants have vigorously denied and continue to deny the allegations, claims, and contentions of the Class Representatives, deny that they are liable at all to the Class, and deny that the Class or the Plan have suffered any harm or damage for which Defendants could or should be held responsible. Defendants maintain that the Plan has been managed, operated, and administered at all relevant times in full compliance with ERISA, and that statutory and regulatory exemptions under ERISA specifically permitted T. Rowe Price investment options to be offered in the Plan. In addition, Defendants maintain that the Plan's participants have benefitted economically from the Plan's use of T. Rowe Price investment options, with the Plan's investment options collectively accruing more than half a billion dollars in returns ahead of their benchmark objectives during the Class Period.

Following the denial of Defendants' motion to dismiss, the merits of the lawsuit began to be litigated in 2018. This began with the discovery (i.e. fact-finding) phase of the litigation, which included Class Counsel's review of over a hundred thousand pages of documents produced by Defendants, Class Counsel's taking ten depositions of fact witnesses, Defense Counsel's depositions of six of the Class Representatives, submission of three expert reports by each side, and depositions of each side's three experts. Subsequently, each side prepared voluminous summary judgment motions in the hope of resolving the case in their favor prior to trial. Each motion was accompanied by more than 200 exhibits. On February 10, 2021, the Court denied in large part the Parties' motions for summary judgment. However, the Court indicated that on the record before it at that time, it believed it "likely" that a fact-finder would find facts favorable to Defendants' position.

A trial date of September 13, 2021 was set by the Court. The trial was subsequently postponed in light of the Parties' agreement on a Settlement.

### 3. Why Is There a Settlement?

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defense Counsel that began in April 2021, with a Settlement Conference supervised by U.S. Magistrate Judge A. David Copperthite, and continued through December of that year. The Parties have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. Class Counsel, who are highly experienced in such matters, believe that the Settlement is best for all Class members. Without a settlement, there would be a substantial risk that, after trial, the Class would receive nothing at all. Settling now also avoids the cost of trial.

### 4. What Does the Settlement Provide?

The Settlement provides two forms of relief: (i) a payment by Defendants of $7,000,000 and (ii) a requirement that Defendants offer a Brokerage Window feature in the Plan that will allow Plan participants, for the first time, to invest in a wide range of non-T. Rowe Price funds. In addition, as a result of the lawsuit, Defendants paid $6.6 million to over 5,000 Class members in January 2019 (the "Special Payment") who had Plan accounts in January 2019 and were in the Plan and employed by T. Rowe Price on the last day of one or more of the years 2011-2013. Plaintiffs have estimated that if that $6.6 million remained invested in the Plan it would have appreciated in value, as of June 30, 2021 (the last date for which Plaintiffs have relevant data), to over $11,000,000. (This estimate is based upon the assumption that the funds would earn the same overall return as the Plan as a whole did.)

Under the Settlement, Defendants are to deposit $7,000,000 into an escrow account (the "Escrow Account"). The Net Settlement Amount (the amount remaining after payment of Court-approved attorneys fees and expenses, Court-approved Class Representative Service Awards, and administrative expenses associated with the Settlement), will be allocated to Class members according to a Plan of Allocation to be approved by the Court if and when the Court enters an order finally approving the Settlement.

Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing Plan accounts. Former Participants who are entitled to a distribution will be sent it via check, and will alone bear responsibility for complying with any Qualified Domestic Relations Order that may apply to the payment. Allocations to beneficiaries will be made to their existing Plan account if they have one, and sent via check if they do not.

Under the Settlement, Defendants are also required to begin offering the Brokerage Window feature within six months of the Settlement's effective date. Since its inception, only T. Rowe Price funds have been offered in the Plan. The Brokerage Window will allow Plan participants, for the first time, to invest in a wide range of non-T. Rowe Price investment funds, including mutual funds and exchange traded funds, offered by other fund families. Defendants will be required to offer this new feature for at least ten years unless there is a change in circumstances that makes continuing to offer the Brokerage Window imprudent or materially more burdensome.

All Class members and anyone claiming through them will fully release what are referred to as the "Released Parties" from the "Released Claims." The Released Parties include (i) T. Rowe Price Group, Inc.; (ii) T. Rowe Price Associates, Inc.; (iii) T. Rowe Price Trust Company; (iv) the T. Rowe Price Group, Inc. Management Committee; (v) the T. Rowe Price Group, Inc. Management Compensation Committee; (vi) the T. Rowe Price Group, Inc. Board of Directors; (vii) past and present Plan Trustees Preston Athey, Steve Banks, Celine Dufetel, Eric Gee, Michael McGonigle, Kenneth Moreland, Larry Puglia, and Meredith Stewart; and (viii) the Plan's fiduciaries, administrators, recordkeepers, service providers, consultants, and other parties-in-interest. The full list of Released Parties is found in the Settlement Agreement, which can be accessed at www.TRP401kSettlement.com.

The Released Claims include claims that were asserted in the lawsuit, or that are based on or related to the allegations, facts, or occurrences asserted in the lawsuit. The Released Claims also specifically include all claims that relate to or challenge the selection, monitoring, or retention of the Plan's investment options; fees, costs, or expenses charged to, paid by, or reimbursed by the Plan in connection with its investments; investment advice relating to the Plan; and/or the formulation or allocation of the Administrative Budget Contribution or Special Payment referenced in the Settlement Agreement; as well as all claims relating to the implementation of the Settlement. This is only a summary of the Released Claims; the full governing release is found in the Settlement Agreement which can be accessed at www.TRP401kSettlement.com. **Generally, the release means that Class members will not have the right to sue Defendants, the Plan, or the Released Parties for conduct** arising out of or relating to the allegations in the lawsuit.

This is only a summary of the Settlement. The entire Settlement Agreement is available on the Settlement Website www.TRP401kSettlement.com.

## 5.   How Much Will My Distribution Be?

Under the proposed Plan of Allocation (which is subject to the Court's approval) all Class members will receive a minimum $20 payment from the Settlement Fund.

The remaining amount, if any, that will be allocated to you will be based upon the Plan records showing your balances in any of the 39 funds Plaintiffs allege underperformed (henceforth the "Challenged Funds"[1]) at the end of each calendar quarter during the Class Period, and on the date of Preliminary Approval. The amount you receive will depend upon the amount you invested in the Challenged Funds and over how long a period you invested in them – the more you invested and the greater the time period, the more you will be allocated. (If you were one of the Class members who received a distribution of the 2019 Special Payment, that may reduce the amount you receive as further described below. Plaintiffs have included this provision because they believe it makes the distribution fairer and to account for the fact that no attorneys fees or case expenses were deducted from the Special Payment; fees and expenses have only been deducted from the settlement amount.) Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

Simplifying for the sake of clarity, the Plan of Allocation will allocate the remainder of the Net Settlement Amount (after $20 is allocated to each Class member) as follows:

1. The quarterly balances of Class members who invested in the Challenged Funds during the Class Period will be identified for each calendar quarter from the quarter ending March 31, 2011 through January 18, 2022;

---

[1] The "Challenged Funds" are: Balanced, Corporate Income, Dynamic Global Bond, Emerging Europe, Emerging Markets Bond, Emerging Markets Discovery Stock, Emerging Markets Local Currency Bond, Emerging Markets Stock, Equity Income, Equity Index Trust-C, Extended Equity Market Index, Floating Rate, GNMA, Global Infrastructure, Global Real Estate, Growth and Income, High Yield, Inflation Protected Bond, International Discovery, International Stock, International Value Equity, Institutional Frontier Markets Equity, Institutional Global Value Equity, International Disciplined Equity, New Income, Overseas Stock, Real Assets, Real Estate, Science and Technology, Short-Term Bond, Spectrum Growth, Spectrum Moderate Allocation, Summit Cash Reserves Fund, Summit GNMA, Total Equity Market Index, U.S. Treasury Intermediate, U.S. Treasury Long-Term, U.S. Treasury Money Fund, and Value. (In some cases, these funds include multiple versions or share classes. For example, if what was originally offered in the Plan was a retail class mutual fund and it was later replaced with a similar collective trust version of the same strategy or an institutional share class mutual fund, then both the initial version and its replacement would constitute one of the Challenged Funds.)

- 5 -

2. For each Class member, the Settlement Administrator will determine the participant's total balance in the Challenged Funds over all quarters of the Class Period;

3. The Settlement Administrator will add together the participants' quarterly balances in the Challenged Funds to get the "Aggregate Challenged Funds Balance" for all Class members;

4. Each Class member will have their total balance for the Challenged Funds divided by the Aggregate Challenged Funds Balance for all Class members, and multiplied by the Net Settlement Amount (after $20 is allocated to each Class member) to calculate the Class member's award related to their investment in the Challenged Funds;

5. Any portion of the January 2019 Special Payment, referenced above, that a Class member received will be deducted from any portion of the award calculated in ¶4 that is attributable to investments held from 2011-2013. (This offset is limited to investments in 2011-2013 because the Special Payment was paid to participants who were employed by T. Rowe Price on the last day of one or more of the years 2011-2013.)[2] The amounts deducted will be allocated to Class members who did not receive the Special Payment in proportion to their investments in the Challenged Funds.

The full details of the allocation method are described in the Plan of Allocation available at www.TRP401kSettlement.com.

### 6. How Do I Receive My Distribution if I Have An Active Account in the Plan?

If you are entitled to receive a payment under the Settlement and our records indicate you have an active account in the Plan when those payments are made, your distribution will be automatically allocated to your Plan account in the manner you have already designated for Plan contributions without your taking further action.

### 7. How Do I Receive My Distribution if I Do Not Have an Active Account in the Plan?

If you are entitled to receive a payment under the Settlement and our records indicate you do not have an active account in the Plan as the date payments are made, you will receive your allocated amount by a check sent to you (subject to tax withholding).

### 8. When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the timing of the Court's final approval of the Settlement and that approval becoming final and no longer subject to appeal. If there is an appeal of the final approval order and judgment, it may take several years for that appeal to be fully resolved. If the Court approves the Settlement, and there are no appeals, the Settlement distribution likely will occur a few months after approval for Class members with active Plan accounts at the time the payment is paid, and later in 2022 for Class members without active Plan accounts at that time.

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Terminated.**

### 9. Can I Choose Not to Be Part of the Settlement?

No. The lawsuit was certified as a class action under Federal Rule of Civil Procedure 23(b)(1), which does not permit Class members to opt out. Therefore, as a Class member, you are bound by any judgments or orders that are entered for all claims that were asserted or are otherwise included as Released Claims under the Settlement.

### 10. Do I Have a Lawyer in the Lawsuit?

The Court has appointed J. Brian McTigue and James Moore of the law firm McTigue Law LLP and Mary J. Bortscheller of the law firm Cohen Milstein Sellers & Toll PLLC as Class Counsel to represent the interests of the Class in the lawsuit. If you want to be represented by your own lawyer, you may hire one at your own expense.

---

[2] Payments analogous to the Special Payment, which Defendants refer to as an Administrative Budget Contribution, have been made to the Plan on an annual basis since 2014. The Special Payment was intended by Defendants to retroactively put the Plan in the same economic position as if the Administrative Budget Contribution had been made in 2011-2013 as well. Further information regarding this issue can be found in the Court's February 10, 2021 Memorandum Opinion on the parties' motions for summary judgment, which is available on the Settlement Website www.TRP401kSettlement.com.

### 11. How Will the Lawyers Be Paid?

Class Counsel have pursued this Action on a contingent basis and will file with the Court a motion for an award of attorneys fees and reimbursement of expenses. This motion will be considered at the Fairness Hearing. Class Counsel have agreed to limit their application for an award of attorneys fees to no more than $3.5 million, plus their expenses of pursuing this Action (which Class Counsel currently estimate to be approximately $565,000). Class Counsel believe that such an award of attorney fees and expenses is fair and reasonable in light of the total financial benefits to the Class achieved by Class Counsel in this case. The Court will determine what attorneys fees and expenses will be approved.

### 12. How Do I Tell the Court If I Don't Like the Settlement?

If you are a Class member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Feinberg, et al. v. T. Rowe Price Group, Inc., et al.*, No. 1:17-cv-427-JKB. Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court **no later than April 26, 2022**. The Court's address is Clerk of the Court, U.S. District Court for the District of Maryland, 101 W. Lombard St., Baltimore, MD 21201. Your written objection must also be mailed to the lawyers listed below **no later than April 26, 2022**. If you hire an attorney to represent you for purposes of making an objection, that attorney must also serve what is called a "notice of appearance" on the attorneys listed below, and file it with the Court, **no later than April 26, 2022**. If you or your attorney wish to speak about your objection at the Court hearing about the settlement, you must follow the procedure discussed in section 15 below. Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served on the objector.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
| --- | --- |
| J. Brian McTigue<br>James A. Moore<br>**MCTIGUE LAW LLP**<br>4530 Wisconsin Ave., NW, Suite 300<br>Washington, DC 20016<br>Fax: (202) 364-9960<br><br>Mary J. Bortscheller<br>**COHEN MILSTEIN SELLERS & TOLL, PLLC**<br>1100 New York Ave., NW, Suite 500 West<br>Washington, DC 20005 Fax: (202) 408-4699 | Brian D. Boyle<br>**O'MELVENY & MYERS LLP**<br>1625 Eye Street NW<br>Washington, DC 20006 |

### 13. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Fairness Hearing at 9:30 AM on May 24, 2022, at the U.S. District Court for the District of Maryland, Courtroom 5A, 101 W. Lombard St., Baltimore, MD.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the requests for Class Counsel's Attorneys Fees and Expenses and the Class Representatives' Service Awards.

### 14. Do I Have to Attend the Fairness Hearing?

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable, and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but that is not necessary.

### 15. May I Speak at The Fairness Hearing?

If you are a Class member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Speak at Fairness Hearing in *Feinberg, et al. v. T. Rowe Price Group, Inc., et al.*, No. 1:17-cv-427-JKB." (If you are unsure whether you will speak or not, you should still file a Notice of Intention to Speak since it will preserve your right to speak though not require you to speak if you choose not to.) Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Speak must be mailed to Class Counsel and Defendants' Counsel and filed with the Clerk of the Court, at the addresses listed in section 12 above, **no later than May 14, 2022**.

### 16. What Happens If I Do Nothing at All?

If you are a member of the Class as defined on page 1, and you do *nothing*, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved, and your right to bring any Released Claims will be foreclosed.

### 17. How Do I Get More Information?

If you have general questions regarding the Settlement, you can visit this website: www.TRP401kSettlement.com, call toll-free 1-(877) 456-1184, or write to the Settlement Administrator at:

In re T. Rowe Price 401(k) Plan Litigation
c/o Rust Consulting, Inc. - 7546
PO Box 2396
Faribault, MN 55021-9096
info@TRP401kSettlement.com
