UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| DAVID G. FEINBERG, et al., and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>T. ROWE PRICE GROUP, INC., et al.,<br><br>Defendants. | Case No. 1:17-cv-00427-JKB |

**DECLARATION OF CLASS REPRESENTATIVE DAVID G. FEINBERG IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS TO CLASS REPRESENTATIVES**

I, David G. Feinberg, declare under penalty of perjury of the laws of the United States:

1. I am a Class Representative in the above litigation concerning the T. Rowe Price U.S. Retirement Program (the "401(k) Plan"). As the first Named Plaintiff and later as a Class Representative, appointed by the Court on May 17, 2019, I have worked with the lawyers in this litigation and discussed litigation decisions with them.

2. I submit this Declaration in support of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards to Class Representatives.

3. I have personal knowledge of the matters set forth in this Declaration.

4. I am more than 18 years of age and would testify competently to the matters herein if called upon to do so.

5. I was an employee of T. Rowe Price from the late 1990s until January 2010. I have been a participant in the Plan during the entirety of the Class Period (2/14/2011-1/18/2022).

6. I have been personally involved in this litigation before the first complaint was filed. Since then, I have actively contributed to and followed the litigation.

7. I have interacted with the Class Counsel, in particular McTigue Law LLP, to understand the law and the facts, in particular how the 401(k) Plan was allegedly operated in violation of federal pension law's requirements and how federal Class actions are conducted.

1

8. I was aware of and took seriously my duty to act in the best interests of the Class, not only for my personal interest. For example, I participated in more than one hundred communications with McTigue Law. I reviewed the original Complaint before it was filed on February 14, 2017; subsequently, I reviewed the Defendants' motion to dismiss that original complaint; and I reviewed the first Amended Complaint before it was filed on July 20, 2017.

9. When discovery started in January 2019, with the Defendants asking for my documents, I searched my hard copy files and my computer and provided my documents in electronic and paper form and other information to McTigue Law. McTigue Law produced to the Defendants many of my documents responsive to the requests from the Defendants.

10. I had scores of phone calls with the attorneys at McTigue Law, to answer my questions about the litigation and to review my responses to interrogatories that Defendants served in May 2019 and provided information requested in the interrogatories.

11. I participated in phone calls with McTigue Law attorneys in order to prepare for my deposition. Afterward I flew from my home in Tampa to Washington, D.C. to sit for an in-person deposition at the offices of Cohen Milstein, a Class Counsel law firm. I expended paid vacation time to travel to and sit for the deposition.

12. I responded to numerous questions in a deposition on October 28, 2019, many of a personal nature, put to me by two lawyers for the Defendants.

13. My communications with plaintiffs' counsel at McTigue Law concerned my discovery obligations; my duties as a Class Representative; case events and strategy; mediation and the tactics and strategy and potential for settlement.

14. On April 13, 2021, I attended the parties' settlement conference, which was conducted via video conference, presided over by Magistrate Judge A. David Copperthite. To do this, I took another day of paid vacation time from my current employer.

15. My counsel at McTigue Law and I conferred before, during, and after the April 13, 2021 mediation settlement conference about the possible outcomes in this case and the potential settlement.

16. Having been present for the parties' negotiation during the mediation before the

Magistrate and having been furnished the Court's subsequent order on the competing motions for summary judgment, I understand the possible outcomes if we proceeded to trial.

17. I support the proposed Settlement for the Class.

18. Based on the risks of continuing litigation compared to accepting the proposed Settlement, the proposed Settlement provides a better outcome for the thousands of participants in the Class, which I represent, because it achieves a significant recovery and eliminates risks, including the risk of achieving no recovery at trial.

19. I understand that Class Counsel seek an award of their attorneys' fees of $3.5 million from the Settlement Fund, reimbursement of the expenses they advanced to litigate the case, and Service Awards for each of the Class Representatives, including a requested award of $15,000 for myself and lesser amounts for the other Class Representatives.

20. While I understand that the decision on the motion for an award of attorneys' fees and expenses and Service Awards is up to the Court, in my role as a Class Representative, I have considered and support the motion.

21. I realize that Class Counsel took risks in litigating this case, and I believe that Class Counsel represented the Class well. Class Counsel communicated the basis of major litigation decisions to me and answered my questions about the litigation. Class Counsel carefully considered what was in the Class's best interest throughout the lawsuit including when they recommended settlement.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 8th day of April 2022.

David G. Feinberg

Tampa, Florida