# EXHIBIT H

**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| DAVID G. FEINBERG, et al., and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>T. ROWE PRICE GROUP, INC., et al.,<br><br>Defendants. | Case No. 1:17-cv-00427-JKB |

**DECLARATION OF CLASS REPRESENTATIVE MARIA STANTON IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS, AND CLASS REPRESENTATIVE SERVICE AWARDS**

I, Maria Stanton, declare under penalty of perjury of the laws of the United States:

1. I am a Class Representative in the above litigation concerning the T. Rowe Price U.S. Retirement Program (the "401(k) Plan"). As a Named Plaintiff and later as a Class Representative, I have worked with the lawyers in this litigation and discussed litigation decisions with them.

2. I submit this Declaration in Support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards.

3. I have personal knowledge of the matters set forth in this Declaration.

4. I am more than 18 years of age and would testify competently to the matters set forth herein if called upon to do so.

5. I was an employee at T. Rowe Price from 1997 to 2007, and then again from 2010 to 2011. I have been a participant in the Plan at all times during the Class Period.

6. I have been personally involved in this litigation and contributed to the case. I have earnestly worked with Class Counsel to understand how the Plan I participated in was allegedly operated in violation of ERISA's requirements. I was aware and took seriously my duty to act in the best interests of the Class.

7. I provided Cohen Milstein's attorneys my documents related to the Plan and reviewed the First Amended Complaint filed on July 21, 2017. I provided information for and reviewed the Second Amended Complaint filed on May 17, 2019.

8. I actively participated in discovery in this case. I had multiple calls with the attorneys at Cohen Milstein to review requests for interrogatories Defendants served on me and provided information requested in them. I searched my computer, physical records, emails, phone, and other repositories for documents Defendants requested I produce. Among other things, I located and produced to my counsel account statements, communications, private financial information unrelated to my T. Rowe Price 401(k), and other records about my T. Rowe Price 401(k) account. Providing my financial history was a source of stress and felt like a violation of my privacy.

9. I also sat for an in-person deposition. I participated in a phone call and in-person meeting to prepare for being deposed and responded to questions in deposition for over three hours on October 17, 2019 in Washington, D.C. I traveled 2.5 hours each way from my home to the deposition. I am not accustomed to driving in D.C. and so I took an Uber to and from the deposition. The preparation and deposition itself were a source of intense stress for me, as I had never been deposed before and I felt as if I were on trial. I took time off work for the deposition.

10. I participated in numerous telephone and email communications with Class Counsel over the past four years. These calls concerned my discovery obligations; my duties as a Class Representative; case events and strategy; trial preparation; and potential for settlement.

11. Class Counsel conferred with me before, during, and after the April 13, 2021 settlement conference about the possible outcomes in this case and a potential settlement.

12. I attended the hearing on a motion to dismiss and read the associated briefing and the court's opinion. I took time off work for the hearing.

13. I attended the parties' settlement conference with Magistrate Judge A. David Copperthite on April 13, 2021 and participated in a call with my counsel beforehand. I reviewed many documents in detail related to the settlement conference. I took time off work for this

conference. Having been present for the parties' negotiation, I understand the risks involved in this litigation and possible outcomes if we proceeded to trial.

14. I support the proposed Settlement, and I believe that it is fair, reasonable and adequate and is a good, favorable result for the Class.

15. Based on the risks of continuing litigation compared to accepting the proposed Settlement, I believe the proposed Settlement provides a better outcome for the Class, which I represent, because it achieves a significant recovery and eliminates risks, inc1uding the risk of achieving no recovery at trial.

16. I understand that Class Counsel seek an award of their attorneys' fees of $3.5 million from the Settlement Fund, reimbursement of the expenses they advanced to litigate the case, and Service Awards for each of the Class Representatives, including a requested award of $12,500 for myself.

17. While I understand that a decision on the motion for an award of attorneys' fees and expenses and Service Awards is left to the Court, in my role as a Class Representative, I have considered and support that motion.

18. I recognize that Class Counsel took risks in litigating this case, and I believe that Class Counsel represented the Class well. Class Counsel communicated the basis of major litigation decisions to me and answered my questions about the litigation. I believe that the Class Counsel carefully considered what was in the Class's best interest throughout the lawsuit including when they recommended settlement.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 5th day of April 2022.

_Maria Stanton_
Maria Stanton

Nottingham, Maryland